#069412

ORIGINAL

FILED
NOV 2 7 2007
U.S. COURT OF FEDERAL CLAIMS

BEFORE THE
UNITED STATES COURT OF FEDERAL CLAIMS
WASHINGTON, D.C.

MATHEW LEVY,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant

No. 07-829 C

## COMPLAINT

COMES NOW Plaintiff Mathew Levy, by and through counsel, and for his Complaint does state:

### Parties

1. Plaintiff is a resident of Blacklick, Ohio.

2. Defendant is the United States of America, acting through the United States Department of the Army, Army Board for Correction of Military Records.

### Jurisdiction

3. This Court has jurisdiction to hear this action pursuant to the Administrative Procedure Act, 28 U.S.C. § 1331, and 28 U.S.C. § 1346. Plaintiff has exhausted all applicable administrative remedies.

### Venue

4. Venue is proper in the U.S. Court of Federal Claims under 28 U.S.C. § 1346.

### Statement of Facts

5. This is an action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, arising out of the administration and application of 10 U.S.C. § 1551 *et seq.*, by Defendant,

through the United States Department of the Army (the "Army"), and an action for declaratory and injunctive relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, and 28 U.S.C. § 1331.

6. This is a case involving mistaken identity by the Army which led to the improper premature termination of Plaintiff's military career.

7. Plaintiff was born on November 23, 1926.

8. On November 18, 1944 Plaintiff joined the U.S. Army Reserve. From February 4, 1945 through November 4, 1946, Plaintiff served on active duty as an enlisted member in the U.S. Army serving at various Army installations, including Ft. Lewis, Ft. Lawton, and Camp Shanks. He also served overseas in the China-Burma-India (CBI) area of operations.

9. On October 1, 1949, Plaintiff was commissioned as a Second Lieutenant in the U.S. Army Officer Reserve Corps ("ORC"). He served a tour of duty at the Edgewood Arsenal Chemical School. On June 29, 1953, Plaintiff was promoted to First Lieutenant.

10. Plaintiff was appointed adjutant of his reserve unit and, for over five years he was also a member of the Board of Officers for ORC Appointments for the New York Military District. Exhibits 1 and 2.

11. On 25 August 1955, Plaintiff was awarded the Armed Forces Reserve Medal commemorating ten qualified years of service in the Army Reserve. Exhibit 3.

12. Between July 14 – 28, 1957, Plaintiff was on active duty for training at the New York Procurement District in New York, New York. Exhibit 4.

13. In a letter dated August 28, 1957, Plaintiff's supervisory officer, 1LT Thomas Murphy, discussed a report Plaintiff had prepared while on active duty for training. In the letter, 1LT Murphy described the report as "one of the finest I have had the privilege to read." A copy of the August 28, 1957 letter is attached hereto and incorporated herein as Exhibit 5.

14. Plaintiff was not on active duty at any other time during 1957.

15. Plaintiff was on active duty for training from June 29, 1958 to July 13, 1958. Exhibit 6.

16. A Selection Board for Captain considered Plaintiff for promotion in 1957 and 1958, but did not select him to be promoted to Captain at either time. The Selection Board did not give any reason for its failure to select him for promotion.

17. The Army regulations in effect in 1957 and 1958, AR 135-155, required that an officer be discharged from the Reserve Officer Corps if he was passed over twice by a Selection Board.

18. On September 18, 1958, Plaintiff received an honorable discharge from the U.S. Army Reserve.

19. In late 1958, Plaintiff applied to the Army Board for Correction of Military Records ("ABCMR") for reinstatement into the Army Reserve Officer Corps.

20. In an internal memorandum dated January 2, 1959 to the ABCMR Executive Secretary, an ABCMR examiner recommended that Plaintiff's application be denied. A copy of the January 2, 1959 memorandum is attached hereto and incorporated herein as Exhibit 7.

21. In the January 2, 1959 memorandum, the ABCMR stated:

> His efficiency reports indicate that he was considered fully qualified for promotion by his rating officer on 16 Sep 57. However, he was on active duty for training for two consecutive 6-months [sic] periods beginning 1 Jan 57 through 31 Dec 57, and his rating officer on 21 Jan 58 felt that he had not demonstrated potential for promotion despite his opportunity to do so. The rating officer who rendered the favorable report on him in Sep 57, again considered appl qualified for promotion on 21 July 58, after appl had served on a 2-week tour of active duty for training.

22. This information was false and erroneous because Plaintiff was not on active duty continuously from January 1 to December 31, 1957. If Plaintiff had been on active duty, he could not have been on Active Duty for Training ("ACDUTRA") in July 1957 as reflected in Exhibit 4.

23. At no time was Plaintiff ever provided by the Army with a copy of any Officer Evaluation Report ("OER") showing he was on active duty from January 1 – December 31, 1957 or with a copy of the erroneous internal ABCMR January 2, 1959 memorandum, and Plaintiff was unaware of the existence of such documents until sometime after January 4, 1999.

24. Plaintiff was completely unaware of the fact that Plaintiff was a victim of mistaken identity or that there was a document – the January 2, 1959 internal ABCMR memorandum – which reflected that mistaken identity and that the promotion board had relied on that erroneous information which resulted from the case of mistaken identity.

25. In a memorandum dated January 13, 1959, the ABCMR requested the Adjutant General to notify Plaintiff that after examining and reviewing Plaintiff's application and records, the ABCMR determined on January 7, 1959 that there was insufficient evidence to indicate a probable material error or injustice and his application had been denied. A copy of the January 13, 1959 memorandum is attached hereto and incorporated herein as Exhibit 8.

26. In February 1959, Plaintiff sought the assistance of U.S. Senator Jacob K. Javits to determine the cause of his failure to be promoted. Senator Javits requested the ABCMR to furnish a complete report relative to Plaintiff's nonselection for captain. The Army informed Senator Javits that the reasons for the failure to promote would not be disclosed, even to a U.S. Senator.

27. In a letter dated February 27, 1959, Acting Adjutant General Bruce Easley replied to Senator Javits and stated that Plaintiff had been discharged because he had been passed over for promotion twice. The letter further stated that "[t]he specific reasons for the decision of a selection board in any individual case are not known outside the board inasmuch as the board is not permitted to divulge such information."

28. In 1973, a fire destroyed the National Personnel Records Center in St. Louis, Missouri, which housed Plaintiff's personnel records.

29. In October 1997, Plaintiff's previous attorney contacted Plaintiff's Congressman, John Kasich, for assistance in obtaining retirement benefits from the Army.

30. On or about January 4, 1999, Congressman Kasich received copies of all available personnel documents for Plaintiff's reconstructed service record from the National Personnel Records Center.

31. On or about December 17, 2001, Plaintiff submitted a request to the ABCMR to reconsider the 1959 decision on the basis of newly discovered evidence, to-wit: the erroneous 1957 OER and the erroneous internal ABMCR memorandum. A copy of Plaintiff's request is attached hereto and incorporated herein as Exhibit 9.

32. In a May 28, 2002 letter, the ABCMR requested additional information from Plaintiff, to which Plaintiff responded in an October 30, 2002 letter. A copy of Plaintiff's October 30, 2002 letter is attached hereto and incorporated herein as Exhibit 10.

33. In his October 30, 2002 letter, Plaintiff clarified the basis for his request for reconsideration of the ABCMR's January 7, 1959 denial of his application to correct his records and reinstate him.

34. In a letter dated July 7, 2003, the ABCMR denied Plaintiff's October 30, 2002 request. A copy of the July 7, 2003 letter is attached hereto and incorporated herein as Exhibit 11.

35. In its July 7, 2003 letter, the ABCMR stated it would only reconsider ABCMR decisions more than one year after the original decision "if substantial relevant evidence has been submitted that shows fraud, mistake in law, mathematical miscalculation, manifest error, or if there exists substantial relevant new evidence discovered contemporaneously with or within a short time after the ABCMR's original decision."

36. In its July 7, 2003 letter, the ABCMR further stated that Plaintiff's claim could not be considered because it arose more than six years after it accrued and the Army no longer had Plaintiff's pay records.

37. In the July 7, 2003 letter, the ABCMR failed to even address Plaintiff's contentions that the factual basis for the recommendation in the January 2, 1959 memorandum was clearly erroneous in that Plaintiff did not serve on active duty continuously between January 1 – December 31, 1957.

38. In the July 7, 2003 letter, the ABCMR stated that if Plaintiff had "copies of the pertinent IRS income statements and/or copies of your Army pay records for the pertinent period, you must provide them with your application."

39. On June 8, 2005, Plaintiff submitted an application to the ABCMR that contained copies of Plaintiff's tax records for 1957 as well as a statement from the Social Security Administration listing Plaintiff's wages for 1957 and 1958. A copy of the June 8, 2005 application is attached hereto and incorporated herein as Exhibit 12.

40. According to the Defense Finance Accounting Service, the monthly basic pay for a First Lieutenant with over six (6) years of cumulative military service in 1957 was $335.40 per month. *See* *http://www.dfas.mil/militarypay/2006militarypaytables/militarypaypriorrates/1955.pdf*, a copy of which is attached hereto and incorporated herein as Exhibit 13.

41. Had Plaintiff served on active duty from January 1 to December 31, 1957, he would have received at least $4,024.80 in basic pay.

42. The Social Security Administration records in Exhibit 12 (attachment F) show that Plaintiff's wages from the Army in 1957 were $198.90.

43. In a decision dated January 26, 2006, the ABCMR denied Plaintiff's October 30, 2005 request. A copy of the January 26, 2006 ABCMR decision is attached hereto and incorporated herein as Exhibit 14.

44. In the January 26, 2006 decision, the ABCMR stated that Plaintiff "had the opportunity to question the 'error' in the ABCMR's 2 January 1959 memorandum in 1959."

45. Further, the ABCMR stated that if Plaintiff had wanted to obtain a copy of the erroneous January 2, 1959 memorandum (which Plaintiff did not know existed), he should have requested a copy in 1959.

46. Further, the ABCMR stated that because Plaintiff could have discovered the error in 1959 by obtaining a copy of the erroneous January 2, 1959 memorandum, the statute of limitations, 10 U.S.C. § 1552(b), on his claim expired in January 1962.

47. Significantly, in the January 26, 2006 decision, the ABCMR admitted that Plaintiff's pay records were "sufficient evidence to show he was not on active duty for the period of 1 January through 31 December 1957" and that the January 2, 1959 memorandum "incorrectly noted the applicant was on duty for two consecutive six-month periods beginning 1 January 1957 through 31 December 1957 and that his rating officer on 21 January 1958 felt he had not demonstrated potential for promotion."

48. In the January 26, 2006 decision, the ABCMR stated that Plaintiff should have received or requested a copy of the January 2, 1959 internal ABCMR memorandum in 1959, which would have permitted Plaintiff to discover the error before the 1973 fire at the National Personnel Records Center and Plaintiff would then have been better able to provide the ABCMR with contemporary supporting documents.

49. In the January 26, 2006 decision, the ABCMR admitted that if the error had been discovered in 1959, the ABCMR could have reviewed Plaintiff's records and resubmitted Plaintiff to a new Selection Board.

50. In the January 26, 2006 decision, the ABCMR stated it was not in the interests of justice to waive the 3-year statute of limitations, and even if the statute of limitations was waived, Plaintiff's claim would be barred by laches.

51. In the January 26, 2006 decision, the ABCMR issued the following determinations and recommendations:

> 1. The Board determined that the evidence presented does not demonstrate the existence of a probable error or injustice. Therefore, the Board determined that the overall merits of this case are insufficient as a basis for correction of the records of the individual concerned.
>
> 2. As a result, the Board further determined that there is no evidence provided which shows that it would be in the interest of justice to excuse the applicant's failure to timely file this application within the 3-year statute of limitations prescribed by law. Therefore, there is insufficient basis to waive the statute of limitations for timely filing or for correction of the records of the individual concerned.

52. The Board went on to say in its January 30, 2006 cover letter to the January 26, 2006 decision that "You may request reconsideration of this decision within one year only if you can present new evidence or argument that was not considered by the Board when it denied your original application."

53. In response to the ABCMR's invitation to request reconsideration based on evidence or argument not considered by the Board in rendering its original decision, on August 29, 2006 Plaintiff submitted a Motion for Reconsideration of the ABCMR's January 26, 2006 decision. A copy of the Motion for Reconsideration is attached hereto and incorporated herein as Exhibit 15.

54. By letter of November 28, 2006, the ABCMR returned Plaintiff's Motion for Reconsideration stating that his August 29, 2006 request for reconsideration was not submitted within one year of the ABCMR's original decision in January 1959, that his request had already been considered, and therefore did not qualify for reconsideration by the ABCMR. A copy of the November 28, 2006 ABCMR letter is attached hereto and incorporated herein as Exhibit 16. In the November 28th letter the Board told Plaintiff "you have the option to seek relief in a court of appropriate jurisdiction."

Count I

55. Plaintiff restates, realleges and incorporates by reference the allegations in paragraphs 1 through 54.

56. The internal ABCMR memorandum dated January 2, 1959 was prepared after reviewing Plaintiff's OER and personnel file.

57. The January 2, 1959 ABCMR internal memorandum states that there was an OER in Plaintiff's file that indicated Plaintiff was on active duty for two consecutive six-month periods in 1957 and that Plaintiff's senior rating officer stated that Plaintiff was not recommended for promotion.

58. The January 2, 1959 ABCMR memorandum does not reflect any other adverse information either in Plaintiff's OERs or Plaintiff's personnel file.

59. The erroneous 1957 OER was the only adverse information contained in Plaintiff's personnel file that was reviewed by the 1958 Captain selection board.

60. Because the erroneous 1957 OER that was purportedly based on 12 months of active duty (significantly longer than the typical two weeks of active duty served by a Reserve Officer), was the only adverse information in Plaintiff's personnel file as noted by the ABCMR internal memorandum, and contained an adverse recommendation that Plaintiff not be promoted to

Captain, it is evident that the 1958 Captain selection board gave great weight to the erroneous 1957 OER and determined not to select Plaintiff for promotion.

61. The action of the 1958 Captain selection board was arbitrary and capricious because Plaintiff's personnel file that was reviewed by the selection board improperly included the erroneous 1957 OER.

## Count II

62. Plaintiff restates and realleges the allegations set forth in paragraphs 1 through 61 which are incorporated herein by reference.

63. On January 7, 1959, the ABCMR wrongfully denied Plaintiff's appeal.

64. The January 7, 1959 ABCMR decision was arbitrary and capricious because that decision was based upon the erroneous 1957 OER and the erroneous January 2, 1959 ABCMR internal memorandum.

## Count III

65. Plaintiff restates and realleges the allegations in paragraphs 1 through 64, which are incorporated herein by reference.

66. After first learning about the existence of the erroneous January 2, 1959 ABCMR memorandum and the erroneous 1957 OER, Plaintiff applied to the ABCMR for reconsideration of the 1959 decision based on the discovery of this new relevant evidence that directly contradicts the basis for the original 1959 ABCMR decision.

67. In its July 7, 2003 letter, the ABCMR denied Plaintiff's request for reconsideration but invited Plaintiff to submit copies of relevant pay records for the 1957 time period to show that he was not on active duty for the entire year and to show that the 1957 OER was in error.

68. On June 8, 2005, Plaintiff complied with the ABCMR suggestion and submitted another request that included copies of the relevant pay records for 1957 that showed Plaintiff did

not serve two consecutive six month periods of active duty, thus refuting the information in the erroneous 1957 OER and the erroneous 1959 internal ABCMR memorandum.

69. In its January 26, 2006 decision, the ABCMR admits that Plaintiff's pay records show that Plaintiff was not on active duty for two consecutive six month periods in 1957 and that both the 1957 OER and the January 2, 1959 internal ABCMR memorandum were legally in error.

70. The January 26, 2006 ABCMR decision is arbitrary and capricious because:

(A) Plaintiff could not have reasonably discovered the erroneous 1957 OER and the erroneous January 2, 1959 internal ABCMR memorandum in 1959 because he was totally unaware that such documents even existed and the Army wrongfully failed to provide Plaintiff with copies of said documents;

(B) Because Plaintiff was totally unaware of the erroneous 1957 OER and the January 2, 1959 internal ABCMR memorandum and the Army wrongfully failed to provide Plaintiff with copies of said documents, Plaintiff could not have filed for reconsideration within the original three year period. Indeed Plaintiff filed within the original 3-year statute of limitations, since the statute of limitations runs from the time an applicant discovers the Government "error or injustice" which is the basis for his claim. 10 U.S.C. § 1552 (b);

(C) Plaintiff has acted in good faith and without any undue delay throughout these proceedings, and Plaintiff's request to the ABCMR is not barred by the doctrine of laches;

(D) The ABCMR admits that the substantive basis for Plaintiff's claim has legal merit; and

(E) Because of the underlying circumstances of this matter, even if Plaintiff had not timely filed within 3 years of discovering the erroneous reasons for the refusal to promote, the interests of justice would have excused Plaintiff's failure to timely file for reconsideration of the 1959 ABCMR decision.

## PRAYER

WHEREFORE, Plaintiff prays that the Court enter judgment in favor of Plaintiff and against Defendant, and reverse and remand this matter to the Army Board for Correction of Military Records with direction (a) to grant Plaintiff's request for reconsideration and reverse the January 1959 ABCMR decision; and (b) to expunge from the record the wrongful discharge of Plaintiff from the Army Reserve Corps and to reinstate Plaintiff's commission as a reserve officer in the Army Reserve Corps; and (c) to recognize Plaintiff's entitlement to retire from the Army Reserve Corps with at least twenty (20) qualifying years of service as of November 23, 1986, when Plaintiff became 60 years of age; and (d) to initiate action to convene a special selection board to consider Plaintiff for promotion in the ordinary course to Captain, Major, Lieutenant Colonel and Colonel when Plaintiff would have been eligible for such promotions in the absence of his wrongful discharge from the U.S. Army Reserve. (Plaintiff was and still is prepared to attend the Command and General Staff College in order to qualify for promotion to full Colonel).

Plaintiff further prays that this Court award Plaintiff retirement pay since November 23, 1986 in at least the amount of $273 per month (the retirement pay of a first lieutenant) until the date of judgment, plus Contract Disputes Act interest from November 23, 1986.

Plaintiff further prays that this Court adjust the retirement pay awarded to the rank at which Plaintiff would have been promoted as of his retirement ($ 497 per month for Lieutenant Colonel and $ 568 per month for full Colonel), plus Contract Disputes Act interest from November 23, 1986.

Furthermore, Plaintiff prays the Court find that based in part on the Army's prior admissions, there is no substantial basis for the January 26, 2006 decision of the Army Board for Correction of Military Records, award Plaintiff his reasonable attorneys fees and costs under the

Equal Access to Justice Act, and award all such further relief the Court deems just and appropriate.

Respectfully submitted,

Gilbert J. Ginsburg
Attorney and Counselor at Law
1250 24th Street NW, Suite 350
Washington, DC 20037
Tel: (202) 776-7772
Fax: (202) 776-7773
E-mail: gilgins@aol.com

Counsel for Mathew Levy

Dated: November 27, 2007

OF COUNSEL:

Timothy Sullivan
Stephen Jeffery
Katherine Gehringer
Thompson Coburn LLP
1909 K. St. NW, Suite 600
Washington, DC 20006