DEPARTMENT OF THE ARMY
BOARD FOR CORRECTION OF MILITARY RECORDS
1941 JEFFERSON DAVIS HIGHWAY, 2ND FLOOR
ARLINGTON VA 22202-4508

JUL 07 2003

SFMR-RBR
LEVY, MATHEW
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
AR2003087582

Mr. Mathew Levy
8084 Kennedy Road
Blacklick, OH 43004-8726

Dear Mr. Levy:

This is in response to your October 30, 2002 letter to the Army Board for Correction of Military Records (ABCMR) requesting reconsideration, through a formal hearing, of your earlier application to correct your records to show you were reinstated in the Reserve and promoted to captain.

Your case was considered and denied on January 7, 1959.

Army Regulation 15-185 sets forth the procedures for processing requests to correct military records. Paragraph 2-15b provides specific guidance to be applied in cases involving requests for reconsideration that are received more than 1 year after the ABCMR's original consideration or after the ABCMR has already reconsidered the case.

In such cases, the staff of the ABCMR will review the request to determine if substantial relevant evidence has been submitted that shows fraud, mistake in law, mathematical miscalculation, manifest error, or if there exists substantial relevant new evidence discovered contemporaneously with or within a short time after the ABCMR's original decision. If the staff finds such evidence, the case will be resubmitted to the ABCMR. If no such evidence is found, the application will be returned to the applicant without action.

The fact a document, such as the unsigned, undated note considered by the original ABCMR panel, is filed in a member's Official Military Personnel File is insufficient to show that the document was provided to a promotion board. Promotion boards do not necessarily review every document in a member's file; only those documents authorized for review. Again, there is no evidence to show that the referenced note was seen by the promotion board.

Pay records are not retained indefinitely. Title 31 U. S. Code, section 3702, also known as the barring statute, prohibits the payment of a claim against the Government unless the claim has been received by the Comptroller General

SFMR-RBR
LEVY, MATHEW
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
AR2003087582

within 6 years after the claim accrues. Among the important public policy considerations behind statutes of limitations, including the 6-year limitation for filing claims contained in this section of Title 31, U. S. Code, is relieving the government of the need to retain, access, and review old records for the purpose of settling stale claims, which are often difficult to prove or disprove.

You state that your IRS income tax statements for the period in question, 1957, are also available and would substantiate your contentions; however, you do not provide them. The ABCMR is not an investigative agency. The burden and costs for researching and assembling documentation to support an application for a specific claim rests with the requester. If you have copies of the pertinent IRS income statements and/or copies of your Army pay records for the pertinent period, you must provide them with your application.

Army Regulation 15-185, paragraph 2-11 states that applicants do not have a right to a hearing before the ABCMR. The regulation provides that the Director of the ABCMR or the ABCMR may grant a formal hearing before which the applicant, counsel, and witnesses may appear whenever justice requires. If you have a complete copy of your officer 201 file, you should provide a copy of those records with your application and the ABCMR or the Director may decide to grant you a formal hearing.

The staff has determined that you have provided no relevant new evidence or argument with your current submission that was not previously considered by the ABCMR.

Accordingly, there is no basis for resubmitting your request to the ABCMR and it will be administratively closed.

Sincerely,

Carl W. S. Chun
Director, Army Board for Correction
of Military Records

Enclosure