**DEPARTMENT OF THE ARMY**
BOARD FOR CORRECTION OF MILITARY RECORDS
1901 SOUTH BELL STREET 2ND FLOOR
ARLINGTON, VA 22202-4508

January 30, 2006

AR20050009008, Levy, Mathew

Mr. Mathew Levy
8084 Kennedy Road
Backlick OH 43004-8726

Dear Mr. Levy:

I regret to inform you that the Army Board for Correction of Military Records denied your application.

The Board considered your application under procedures established by the Secretary of the Army. I enclose a copy of the Board's Record of Proceedings. This decision explains the Board's reasons for denying your application.

This decision in your case is final. You may request reconsideration of this decision within one year only if you can present new evidence or argument that was not considered by the Board when it denied your original application.

Sincerely,

Carl W. S. Chun
Director, Army Board for Correction
of Military Records

Enclosure

DEPARTMENT OF THE ARMY
BOARD FOR CORRECTION OF MILITARY RECORDS
1901 SOUTH BELL STREET 2ND FLOOR
ARLINGTON, VA 22202-4508

SFMR-RBR

January 30, 2006

MEMORANDUM FOR US ARMY REVIEW BOARDS AGENCY SUPPORT DIVISION, ST. LOUIS (SFMR-RBR-SL), 9700 PAGE AVENUE, ST. LOUIS, MO 63132-5200

SUBJECT: Army Board for Correction of Military Records Record of Proceedings for Levy, Mathew, SSN 051280933, AR20050009008

The application submitted by the individual concerned has been denied by the Army Board for Correction of Military Records.

Signed

Carl W. S. Chun
Director, Army Board for Correction
of Military Records

Encl

CF:
( )ØMPF
(√)

DEPARTMENT OF THE ARMY
BOARD FOR CORRECTION OF MILITARY RECORDS
1901 SOUTH BELL STREET 2ND FLOOR
ARLINGTON, VA 22202-4508

# RECORD OF PROCEEDINGS

IN THE CASE OF: LEVY, MATHEW

BOARD DATE: 26 January 2006
DOCKET NUMBER: AR20050009008

I certify that hereinafter is recorded the true and complete record of the proceedings of the Army Board for Correction of Military Records in the case of the above-named individual.

| | |
|---|---|
| Mr. Carl W. S. Chun | Director |
| Mrs. Nancy L. Amos | Analyst |

The following members, a quorum, were present:

| | |
|---|---|
| Mr. John T. Meixell | Chairperson |
| Mr. Jeffrey C. Redmann | Member |
| Ms. Rose M. Lys | Member |

The Board considered the following evidence:

Exhibit A - Application for correction of military records.

Exhibit B - Military Personnel Records (including advisory opinion, if any).

THE APPLICANT'S REQUEST, STATEMENT, AND EVIDENCE:

1. The applicant requests reconsideration of the 1959 decision to correct his records. He requests reinstatement and promotion to captain, O-3. The 1959 Army Board for Correction of Military Records (ABCMR) decision is not available and this case will be considered de novo.

2. The applicant states that, in response to his Congressman's request for his records, he received a reconstructed service record. It reveals that the reason his request for correction of military records was denied on 7 January 1959 was based on a record-keeping error. First, the file states the General was his rating officer. The note in the file states that he "was apparently accountable directly to the General." The General was never his rating officer. More importantly, the file indicates he was on active duty for a full year during which time (says the file) his rating and endorsing officer purportedly found he "had not demonstrated potential for promotion."

3. The applicant states he was not on active duty for that year. He was only activated for a two-week period in 1957 and again in 1958. The documents he now provides proves it. Obviously, the negative evaluation referred to in the file was of a different officer. He was denied promotion and retention based upon a record-keeping error. The ABCMR relied on erroneous records, records relating to someone else. Clearly, he would have been promoted as the two proper ratings found "he was considered fully qualified for promotion," in addition to which he received laudatory evaluations.

4. The applicant listed the date of discovery of the alleged error or injustice as 30 October 2002.

5. The applicant provides nine attachments:

A. A memorandum for the Executive Secretary, ABCMR, dated 2 January 1959.

B. U. S. Army Military District, New York Letter Orders U. S. Army Reserve (USAR) 2415, dated 19 July 1957.

C. His 1957 Army Form W-2 (Withholding Tax Statement).

D. His 1957 Form 1040 (U. S. Individual Income Tax Return – 1957).

E. A 1956 – 1957 faculty listing for the Fashion Institute of Technology.

F. A 15 April 1960 letter from the Social Security Administration.

G. A 10 January 1957 letter, subject: Mobilization Designation Assignment.

H. A 28 August 1957 letter from the Chief, Procurement Services Branch.

I. A July 1957 report, subject: Evaluation and review of procedures on maintenance of GMS and internal control records under current Army Regulations.

COUNSEL'S REQUEST, STATEMENT AND EVIDENCE:

1. Counsel requests the applicant's records be corrected and he be given the promotion to captain for which he was found to be fully qualified.

2. Counsel states the "Selection Board's" (apparently meaning the ABCMR's) records erroneously indicated the applicant was called to active duty for the entire year. Apparently, a different officer was in fact called up for the two six-month periods and that officer earned a poor performance review, as a result of which that officer was deemed unqualified for promotion. Attributing that poor performance to the applicant, the applicant was denied promotion and given an honorable discharge. The applicant sought correction of his file; however, a fire destroyed most of the records in St. Louis. The attachments with this current application had to be gathered from other sources and from closed offices. These documents verify the applicant was on active duty for only two weeks in each year and therefore the adverse evaluations attributed to him were clearly not of the applicant.

CONSIDERATION OF EVIDENCE:

1. The applicant is requesting correction of an alleged error or injustice which occurred around January 1959, the date of the original ABCMR action. The application submitted in this case is dated 8 June 2005.

2. Title 10, U.S. Code, Section 1552(b), provides that applications for correction of military records must be filed within 3 years after discovery of the alleged error or injustice. This provision of law allows the Army Board for Correction of Military Records (ABCMR) to excuse failure to file within the 3-year statute of limitations if the ABCMR determines that it would be in the interest of justice to do so. In this case, the ABCMR will conduct a review of the merits of the case to determine if it would be in the interest of justice to excuse the applicant's failure to timely file.

3. The applicant's military records are not available to the Board for review. A fire destroyed approximately 18 million service members' records at the National Personnel Records Center in 1973. It is believed that the applicant's records were lost or destroyed in that fire. However, there were sufficient documents remaining in a reconstructed record for the Board to conduct a fair and impartial review of this case.

4. After having had prior enlisted service, the applicant was appointed a second lieutenant in the Officer Reserve Corps on 1 October 1949. He was promoted to first lieutenant on 29 June 1953.

5. U. S. Army Military District, New York Letter Orders U. S. Army Reserve (USAR) 2415, dated 19 July 1957, ordered the applicant to annual unit training for the period 7 through 28 July 1957.

6. The applicant was twice nonselected for promotion to captain and as a result was discharged on 18 September 1958.

7. The applicant applied to the ABCMR for reinstatement in the USAR around 1958. The applicant provided the examiner's memorandum for the Executive Secretary of the ABCMR, dated 2 January 1959. The decision document is not available but presumably the applicant's request was denied. The 2 January 1959 memorandum stated in part, "His efficiency reports indicate that he was considered fully qualified for promotion by his rating officer on 16 September 1957. However, he was on active duty for training for 2 consecutive 6-month periods beginning 1 Jan 57 through 31 Dec 57, and his rating officer on 21 January 1958 felt that he had not demonstrated potential for promotion despite his opportunity to do so. The rating officer who rendered the favorable report on him in Sep 57, again considered appl qualified for promotion on 2 Jul 58, after appl had served on a 2-week tour of active duty for training."

8. The 2 January 1959 memorandum further noted that the reason(s) for the applicant's nonselection for promotion by the selection board was not known as such boards did not prepare proceedings or leave any workup sheet in the files to show the basis for their selection or nonselection of an individual.

9. The applicant provided a 1957 Withholding Tax Statement showing he was paid $277.40 in total wages that year [for military service].

10. Army Regulation 135-155 (Promotion of Commissioned Officers other than General Officers Not on Active Duty), in effect at the time, provided in pertinent part that, when officers of the Army Reserve in grade of first lieutenant, captain, or major were to be considered by a selection board for [nonunit] promotion, the

convening officer would furnish to the selection board the names of such officers to be considered for promotion to the grade concerned. Unless the Department of the Army specifically directed the board to select for promotion a specified number of officers whom the board considered to be the best qualified of those named for consideration, the board would select those officers whom it considered fully qualified for promotion and to report those officers who were deemed not to be fully qualified for promotion.

11. The doctrine of laches is defined by Black's Law Dictionary, sixth edition as the neglect to assert a right or claim which, taken together with lapse of time and other circumstances causing prejudice to the adverse party, operates as a bar in a court of equity.

DISCUSSION AND CONCLUSIONS:

1. The pay rate for a first lieutenant in 1958 is not known; however, informal research revealed the monthly pay rate for a second lieutenant in June 1960 was $222.30. Therefore, the 1957 W-2 form provided by the applicant showing he was paid a total of $277.40 [for military service] for that year is accepted as sufficient evidence to show he was not on active duty for the period 1 January through 31 December 1957.

2. For the above reason, it appears the 2 January 1959 memorandum from the ABCMR examiner incorrectly noted the applicant was on active duty for two consecutive six-month periods beginning 1 January 1957 through 31 December 1957 and that his rating officer on 21 January 1958 felt he had not demonstrated potential for promotion.

3. Nevertheless, the error in the 2 January 1959 memorandum, whether obtained from an error in the applicant's records or a clerical error on the part of the ABCMR's staff, does not negate the fact it is not known why the applicant was not selected for promotion to captain. Promotion boards at the time, as currently, do not leave a written record of why an officer is selected or not selected for promotion. It cannot even be determined at this point in time if the criteria for promotion to captain during the two boards he was considered but not selected was "fully qualified" or "best qualified."

4. The applicant stated that, in response to his Congressman's request for his records, he received a reconstructed service record. It appears this may have occurred on 30 October 2002, the date he "discovered" the alleged error or injustice.

5. However, the applicant had the opportunity to question the "error" in the ABCMR's 2 January 1959 memorandum in 1959. If he had never received the ABCMR memorandum, he should have requested a copy of it from the ABCMR in 1959. He could have discovered the error long before the 1973 fire at the National Personnel Records Center. He should have been able to more easily obtain his 1957 Form W-2 and the other contemporary documents needed for this application in 1959.

6. Had the applicant brought the apparent error to the ABCMR's attention in 1959 or so, it would have been possible to review his records and, if indeed the error was in his records, to correct the records and have a promotion selection board reconsider his records for promotion to captain and reinstatement. However, due to the passage of time, favorable consideration of the applicant's request would be barred by laches if the ABCMR's statute of limitations were waived. The Board concludes that it is not in the interest of justice to waive the statute of limitations.

7. Records show the applicant should have discovered the alleged error or injustice now under consideration around January 1959; therefore, the time for the applicant to file a request for correction of any error or injustice expired around January 1962. The applicant did not file within the 3-year statute of limitations and has not provided a compelling explanation or evidence to show that it would be in the interest of justice to excuse failure to timely file in this case.

BOARD VOTE:

________ ________ ________ GRANT FULL RELIEF

________ ________ ________ GRANT PARTIAL RELIEF

________ ________ ________ GRANT FORMAL HEARING

[signature] [signature] [signature] DENY APPLICATION

BOARD DETERMINATION/RECOMMENDATION:

1. The Board determined that the evidence presented does not demonstrate the existence of a probable error or injustice. Therefore, the Board determined that the overall merits of this case are insufficient as a basis for correction of the records of the individual concerned.

2. As a result, the Board further determined that there is no evidence provided which shows that it would be in the interest of justice to excuse the applicant's

failure to timely file this application within the 3-year statute of limitations prescribed by law. Therefore, there is insufficient basis to waive the statute of limitations for timely filing or for correction of the records of the individual concerned.

CHAIRPERSON