**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| MATHEW LEVY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-829C |
| | ) | (Judge Horn) |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO DISMISS

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests this Court to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Plaintiff's claims accrued when he was discharged from the Army in 1958, and the statute of limitations has long since run. In addition, the doctrine of laches precludes plaintiff from bringing claims nearly half of a century after they accrued.

## STATEMENT OF THE ISSUES

1. Whether this Court possesses jurisdiction to entertain claims brought more than six years after they accrued.

2. Whether plaintiff's claims should be dismissed because they are barred by the doctrine of laches.

## STATEMENT OF FACTS

For purposes of this motion to dismiss, we accept the factual allegations of the complaint as true. Plaintiff, Mathew Levy, enlisted in the United States Army Reserve in 1944. Compl., ¶ 8. He was commissioned as a second lieutenant in 1949, and was promoted to first lieutenant in 1953. Id., ¶ 9. He was twice non-selected for promotion to captain and, as a result, was

involuntarily discharged from the U.S. Army Reserve on September 18, 1958. Id., ¶¶ 16-17.

Within a few months of his discharge, Mr. Levy applied to the Army Board for Correction of Military Records ("ABCMR")[1], where he challenged his discharge and sought reinstatement into the Army Reserve Officers Corps. Id., ¶ 19. On January 13, 1959, the ABCMR denied his application because there was "insufficient evidence to indicate a probable material error or injustice" had occurred. Id., ¶ 25. Mr. Levy sought the assistance of Senator Jacob Javits to determine the cause of his failure to be promoted. Id., ¶ 26. The ABCMR informed Senator Javits that plaintiff was discharged because he had been passed over for promotion twice, but that "the specific reasons for the decision of a selection board in any individual case are not known outside the board inasmuch as the board is not permitted to divulge such information." Id., ¶ 27.

Approximately 38 years later, in October 1997, Mr. Levy again requested congressional assistance in obtaining retirement benefits from the Army. Id., ¶ 29. In January 1999, his Congressman received copies of all available personnel records, which had been reconstructed after the original personnel records were destroyed in a 1973 fire. Id., ¶¶ 28-32.

On October 30, 2002, Mr. Levy requested reconsideration of the ABCMR's January 7, 1959 denial of his application to correct his records and reinstate him. Id., ¶ 32. On July 7, 2003, the ABCMR denied his request. Id., ¶ 33.

Mr. Levy filed a new application with the ABCMR on June 8, 2005, which was denied on January 26, 2006 as being time-barred and barred by the doctrine of laches. Id., ¶¶ 39-43, 50.

---

[1] The ABCMR is composed of civilians appointed by the Secretary of the Army, and possesses statutory authority to "correct any [Army] record" in order to "remove error or injustice." 10 U.S.C. § 1552(a) (2005).

Mr. Levy filed a motion for reconsideration on August 29, 2006, which the ABCMR denied on November 28, 2006. Id. at 9, ¶ 54.

On November 27, 2007 – 49 years after his discharge – Mr. Levy filed his complaint in this Court. He alleges that he was involuntarily discharged because "mistaken identity" caused his nonselection for promotion. Id., ¶ 6. He seeks reconsideration of the 1959 ABCMR decision, correction of his records, reinstatement into the Army, and retroactive entitlements. Id., ¶¶ 1-4.

## SUMMARY OF ARGUMENT

Mr. Levy challenges his discharge from the Army in September 1958. At that time, he believed that he had been wrongfully discharged, as evidenced by his application for relief from the ABCMR that he filed the same year. Although he claims that he did not discover until 2002 the new evidence cited in his complaint, the statute of limitations is not subject to equitable tolling.

In addition, even if Mr. Levy's claim could survive the statute of limitations, it would be barred by the doctrine of laches. Mr. Levy's 49-year delay in bringing this action is inexcusable and would result in prejudice to the United States if Mr. Levy were to proceed with his claims.

## ARGUMENT

### I. The Court Does Not Possess Subject Matter Jurisdiction Over Mr. Levy's Claims.

#### A. Standard Of Review.

In deciding a RCFC 12(b)(1) motion, "determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir. 1997) (citations omitted). Where this Court's subject matter

jurisdiction is placed in issue, the non-moving party bears the burden of establishing jurisdiction. J&E Salvage Co. v. United States, 37 Fed. Cl. 256, 260 (1997), aff'd, 152 F.3d 945 (Fed. Cir. 1998) (table).

It is well settled that this Court is one of limited jurisdiction. Jentoft v. United States, 450 F.3d 1342, 1349 (Fed.Cir.2006) (citing United States v. King, 395 U.S. 1, 3 (1969)). Its authority to grant relief against the United States is limited by the extent to which the United States has waived sovereign immunity. United States v. Testan, 424 U.S. 392, 399 (1976). "[T]he United States, as sovereign, 'is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" Id. at 399 (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)). "[I]n a Court of Claims context, that . . . waiver of the traditional sovereign immunity 'cannot be implied but must be unequivocally expressed'." Testan, 424 U.S. at 399 (quoting United States v. King, 395 U.S. 1, 4 (1969)).

Although a plaintiff's jurisdictional assertions are entitled to being favorably construed by the Court, "fact-finding is proper when considering a motion to dismiss where the jurisdictional facts in the complaint (here, alleged involuntariness) are challenged." Lynn v. United States, 58 Fed. Cl. 797, 800 (2003) (quoting Moyer v. United States, 190 F.3d 1314, 1318 (Fed. Cir. 1999)); see also Al Johnson Constr. Co. v. United States, 19 Cl. Ct 732, 733 (1990) (noting that in an RCFC 12(b)(1) motion, "the filing of materials outside the pleadings does not call for consideration of the motion as one for summary judgment.").

**B. Mr. Levy's Claims Are Barred By The Statute Of Limitations**

Mr. Levy filed his complaint on November 27, 2007, 49 years after his separation from military service on September 18, 1958. Compl., ¶ 18. The statute of limitations set forth in 28 U.S.C. § 2501 bars his claims.

Pursuant to 28 U.S.C. § 2501, "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." The United States Court of Appeals for the Federal Circuit has held that the bar of § 2501 is jurisdictional. Martinez v. United States, 333 F.3d at 1316 ("It is well established that statutes of limitations for causes of action against the United States, being conditions on the waiver of sovereign immunity, are jurisdictional in nature.'); see also John R. Sand & Gravel Co. v. United States, ___ U.S. ___ , 2008 WL 65445 at *4 (referring to the term "jurisdictional" as "convenient shorthand" to describe 28 U.S.C. § 2501 and other statutes of limitations to which the doctrines of waiver and equitable tolling do not apply).

A cause of action accrues, and the limitations period under 28 U.S.C. § 2501 begins to run, when all events have occurred that fix the alleged liability of the Government and entitle the plaintiff to institute an action. Creppel v. United States, 41 F.3d 627, 631 (Fed. Cir. 1994). In military separation cases, the six-year statute of limitations begins to run when the individual is discharged from the military. Martinez v. United States, 333 F.3d 1295, 1303 (Fed. Cir. 2003); Hurick v. Lehman, 782 F.2d 984, 986 (Fed. Cir. 1986).[2]

---

[2] Although Mr. Levy's complaint does not identify a money-mandating statute, we construe the complaint as seeking damages pursuant to the Military Pay Act, 37 U.S.C. § 204. See Martinez, 333 F.3d at 1303 ("In the context of military discharge cases, the applicable 'money-mandating' statute that is generally invoked is the Military Pay Act, 37 U.S.C. § 204."). The other statutes referred to in the complaint are not money-mandating. See Todd v. United

In Martinez, the United States Court of Appeals for the Federal Circuit considered and rejected three arguments against strict application of 28 U.S.C. § 2501 in military separation casee. First, the plaintiff in Martinez had argued that his claim did not accrue until after he had exhausted his administrative remedies before the ABCMR. 333 F.3d at 1302. The court of appeals rejected that argument because an application to the ABCMR is a permissive remedy, not a mandatory prerequisite to filing a Tucker Act suit. Id. at 1304. Next, the plaintiff in Martinez argued that a new cause of action accrued when the ABCMR denied his application. Id. at 1311. The court of appeals rejected that argument because an adverse decision by the ABCMR does not cause new monetary injury to the claimant. Id. at 1313.

Finally, the plaintiff in Martinez argued that the statute of limitations should have been equitably tolled until the time he became aware that his discharge was the product of an alleged conspiracy. Id. at 1316. The court of appeals declined to decide whether equitable tolling may ever be applied to 28 U.S.C. § 2501. Id. at 1318. Instead, the court of appeals held that even if one assumes that equitable estoppel may be invoked against the Government, the plaintiff had failed to meet the heightened standard that would apply to such claims. Id. at 1318. Such claims require a "compelling justification for delay, such as 'where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" Id. at 1319 (quoting Irwin v. United States, 498 U.S. 89, 96 (1990)).

---

States, 386 F.3d 1091, 1094 (Fed. Cir. 2004) (holding that the Tucker Act is not money-mandating); Union Bank and Trust Co. v. United States, 27 Fed. Cl. 403, 404 (Cl. Ct. 1992) (holding that the Administrative Procedure Act is not money-mandating); Stamps v. United States, 73 Fed. Cl. 603, 610 (2006) (holding that the Court has no authority to grant relief pursuant to the Declaratory Judgment Act unless the relief is subordinate to a monetary award).

The Supreme Court recently answered the question left open in Martinez – whether equitable tolling may ever be asserted against 28 U.S.C. § 2501 – in the negative. In John R. Sand & Gravel Co., the Government initially and unsuccessfully asserted in this Court that the plaintiff's claims were barred by 28 U.S.C. § 2501. 2008 WL 65445 at *2. Later, the Government "effectively conceded" that some of the claims were timely, and the Government did not refer to the statute of limitations in its appellate brief. Id. An amicus curiae raised the statute of limitations issue in an appellate brief, which prompted the Federal Circuit to hold that the claims were time-barred.

The Supreme Court held in John R. Sand & Gravel Co. that the court of appeals "was right to ignore the Government's waiver and to decide the timeliness question." Id. at *3. The Supreme Court classified statutes of limitations into two categories: (1) those that must be raised at the pleadings stage, which are typically susceptible to equitable tolling; and (2) those designed to achieve a system-wide goal, such as limiting the Government's waiver of sovereign immunity or promoting judicial efficiency. The Supreme Court observed that it "has often read the time limits of [the second category of] statutes as more absolute, say as requiring a court to decide a timeliness question despite a waiver, or as forbidding a court to consider whether certain equitable considerations warrant extending a limitations period." Id. at *3 (citations omitted). 28 U.S.C. § 2501, the Court reaffirmed, falls into the second category. Id.

The Supreme Court explained in detail that equitable tolling has never been permitted pursuant to 28 U.S.C. § 2501 and its predecessor statutes. The Court noted that in 1883, it held in Kendall v. United States, 107 U.S. 123, that equitable tolling was not available to a predecessor of 28 U.S.C. § 2501. 2008 WL 65445 at *4. The Court also discussed (among other

precedents) Soriano v. United States, 352 U.S. 270 (1957), in which it held that 28 U.S.C. § 2501 is "'jurisdictional' and not susceptible to equitable tolling." Id. at * 5. The Supreme Court reaffirmed that Kendall, Soriano, and similar precedents are still good law, and expressly denied the plaintiff's requests that they be overturned. 2008 WL 65445 at *6-7. Accordingly, the Court affirmed the decision of the Federal Circuit, which had applied 28 U.S.C. § 2501 to bar the plaintiff's claims notwithstanding the Government's apparent waiver of the defense.

Pursuant to John R. Sand & Gravel and Constructon Co. and Martinez, it is clear that Mr. Levy's claims are barred by the statute of limitations. His claims accrued when he separated from military service in 1958. His applications to the ABCMR did not toll or restart the statute of limitations, and equitable tolling is not available to preserve his claims. Therefore, the complaint should be dismissed.

C. Plaintiff's Claims Are Barred By The Doctrine Of Laches.

This Court and its predecessor courts "have traditionally applied the equitable doctrine of laches to promote the vigilant pursuit of those claims ripe for adjudication and, in turn, by barring the claims of those who slumber on their rights." Mai v. United States, 22 Cl. Ct. 664, 669 (1991) (citations and internal quotations omitted). "If the government invokes the affirmative defense of laches, it has the burden to show that it was prejudiced by a claimant's tardiness in filing suit." Cornetta v. United States, 851 F.2d 1372, 1380 (Fed. Cir. 1988).

If a plaintiff has notice of a cause of action, even prior to the accrual of a statute of limitations claim, the laches period may begin to run. Murphy v. United States, 16 Cl. Ct. 385 (1989). To apply laches, there must be an unreasonable and inexcusable delay by the plaintiff and prejudice to the defendant. Cornetta v. United States, 851 F.2d 1372, 1378 (Fed. Cir. 1988).

Prejudice to the defendant can be in the form of inability to mount a proper defense or economic prejudice. Id. at 1379 (citations omitted).

The accrual of plaintiff's claims was triggered by his discharge on September 18, 1958. Compl. at 3, ¶ 18. Mr. Levy waited 49 years to file his complaint on November 27, 2007. He contends that he was not aware until "sometime after January 4, 1999" of two documents that were allegedly erroneous. Id., ¶ 23. Nevertheless, his lengthy delay is inexcusable. See Pepper v. United States, 794 F.2d 1571 (Fed. Cir. 1986) (finding six-year delay was inexcusable, even though servicemember claimed not to have been aware of the seriousness of a negative evaluation at the time it was issued).

The second element of laches is prejudice resulting to the defendant. Id. The passage of time would cause substantial prejudice to the United States if this case were to proceed to trial. Mr. Levy's original service record was destroyed in a 1973 fire, and will not be available to the Government. Compl., ¶ 28. Witnesses would be difficult, if not impossible, to locate, and their memories would have faded in the 49 years since Mr. Levy was discharged. In light of the long passage of time and the prejudice to the Government, the Court should bar plaintiff's claims pursuant to the doctrine of laches. See Cowhig v. Marsh, 693 F. 2d 234 (1st Cir. 1982) (holding that military discharge claim filed 18 years after discharge was barred by the doctrine of laches). Accordingly, Mr. Levy's complaint should be dismissed for failing to state a claim upon which relief can be granted. RCFC 12(b)(6).

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court grant its motion to dismiss the complaint.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ Roger A. Hipp
ROGER A. HIPP
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-3091
Fax: (202) 514-8640

OF COUNSEL:
MAJOR JERRETT DUNLAP
United States Army Litigation Division
Military Personnel Branch
901 N. Stuart Street, Suite 400
Arlington, VA 22203-1837
Tel: (703) 696-1628
Fax: (703) 696-8126

January 28, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 28th day of January 2008, a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS" was electronically filed. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

s/ Roger A. Hipp