IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MATHEW LEVY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-829C |
| | ) | (Judge Horn) |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT</u>**

Defendant, the United States, pursuant to Rule 12(e) of the Rules of the United States Court of Federal Claims ("RCFC"), respectfully requests this Court to order plaintiff, Matthew Levy, to file a more definite statement. We make this request because a fair reading of the amended complaint suggests that Mr. Levy discovered his claim, at the very latest, at some point in 1999, which was more than six years before he filed his original complaint in this Court. Because the timeliness of the complaint is at issue, Mr. Levy should file a more definite statement of when he contends that he discovered his claim.

Mr. Levy was involuntarily discharged from the U.S. Army Reserve on September 18, 1958. Am. Compl. ¶¶ 28-29. In our motion to dismiss the original complaint, we argued that Mr. Levy's claim is barred by the six-year statute of limitations, 28 U.S.C. § 2501, or, in the alternative, by the doctrine of laches.

In his amended complaint, Mr. Levy alleges "affirmative concealment" by the Government of certain personnel records. Am. Compl. ¶¶ 9-12. In particular, Mr. Levy contends that at the time of his discharge, the Government should have provided him with copies of two personnel records: (1) a memorandum, dated January 2, 1959, concerning his nonselection for promotion; and (2) an officer efficiency report from 1957 that was referenced in the

memorandum. According to Mr. Levy, these documents contained errors concerning his service record. Am. Compl. ¶¶ 32-33. We assume that Mr. Levy intends to argue that his claim did not accrue until he discovered the alleged errors in his personnel records, or, alternatively, that the statute of limitations was tolled until the Government provided the records to him.

It appears, however, from the exhibits attached to the amended complaint that Mr. Levy received the January 2, 1959 memorandum at some point in 1999. Exhibit 17 to the amended complaint is a letter dated January 4, 1999, from the National Personnel Records Center to John R. Kasich, who at that time was Mr. Levy's Congressional representative. The letter responds to an inquiry made by Representative Kasich on behalf of Mr. Levy, and states: "Enclosed are copies of all available personnel documents in Mr. Levy's reconstructed service record."

Based upon a fair reading of the amended complaint, it seems fair to assume that: (1) the January 2, 1959 memorandum was included among the records sent to Representative Kasich; and (2) Representative Kasich forwarded the personnel documents to Mr. Levy in 1999. However, even though the timeliness of the complaint is an obvious and potentially dispositive issue, Mr. Levy has not made any allegation that expressly identifies the date on which he received the January 2, 1959 memorandum.

Mr. Levy filed his original complaint in this Court on November 27, 2007. Accordingly, even assuming for the sake of argument that a discovery rule and/or equitable tolling applies here, Mr. Levy's claim would be barred by the six-year statute of limitations if he received the January 2, 1959 memorandum on or before November 27, 2001. According to Exhibit 17, the Government sent all available personnel records to Representative Kasich on January 4, 1999. In the ordinary course of business, Mr. Levy would have received the records soon thereafter.

It would be in the interests of efficiency and justice for the Court to direct Mr. Levy to file a more definite statement that specifies when he claims to have received the January 2, 1959 memorandum. We anticipate that the parties would undertake to brief the issues in this case, among others: (1) When does a claim accrue for purposes of 28 U.S.C. § 2501 if evidence is allegedly concealed? (2) Is equitable tolling based upon concealment still a viable theory in light of John R. Sand & Gravel Co. v. United States, 128 S. Ct. 750 (2008), in which the Supreme Court held that 28 U.S.C. § 2501 is not subject to equitable tolling? (3) Is the Military Pay Act money-mandating for members of the Reserve who are not on active duty?[1] It would be a waste of the resources of the parties and the Court to attempt to resolve these issues without a more definite statement of when Mr. Levy claims to have discovered his claim, and resolution of the timeliness of the complaint.

For the foregoing reasons, the United States respectfully requests that the Court grant its motion for a more definite statement.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

[1] In our motion to dismiss the original complaint, we noted that Mr. Levy did not identify a money-mandating statute, and that we were assuming that his claim is based upon the Military Pay Act, 37 U.S.C. § 204. Def. Mot. at 5 n.2. In his amended complaint, Mr. Levy does invoke the Military Pay Act. Am. Compl. ¶ 3. We have subsequently concluded, however, that the Military Pay Act does not apply to members of the Reserve who are not on active duty. See Reeves v. United States, 49 Fed. Cl. 560, 566-67 (2001).

s/ Roger A. Hipp
ROGER HIPP
Trial Attorney, Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-3091
Fax: (202) 514-8624

OF COUNSEL:
MAJOR JERRETT DUNLAP
United States Army Litigation Division
Military Personnel Branch
901 N. Stuart Street, Suite 400
Arlington, VA 22203-1837
Tel: (703) 696-1628
Fax: (703) 696-8126

April 4, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that, on this 4th day of April 2008, a copy of the foregoing "DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT" was electronically filed. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

s/ Roger A. Hipp