IN THE UNITED STATES
COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MATTHEW LEVY, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| V. | ) | No. 07-829C |
| | ) | Judge Horn |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| DEFENDANT. | ) | |

PLAINTIFF'S REPLY TO DEFENDANT'S
MOTION FOR MORE DEFINITE STATEMENT

COMES NOW Plaintiff, by and through counsel, and for his Reply to Defendant's Motion for More Definite Statement does state:

On February 21, 2008, Plaintiff filed his First Amended Complaint.[1] The Rules of the U.S. Court of Federal Claims ("RCFC")[2] require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," COFC Rule 8(a); *Federal Air*

---

[1] Plaintiff filed its Corrected First Amended Complaint on March 12, 2008 as directed by the Court's March 10, 2008 Order.

[2] The Rules of the U.S. Court of Federal Claims ("RCFC") are intended to track the Federal Rules of Civil Procedure (FRCP) "to the extent practicable given differences in jurisdiction." Thus the 2002 Rules Committee Note states, at page 1: "In the 2002 revision, the court has endeavored to create a set of rules that conforms to the Federal Rules of Civil Procedure as amended through November 30, 2001, to the extent practicable given differences in jurisdiction between the United States district court and the United States Court of Federal Claims. Consistent with this objective, interpretations of the court's rules will be guided by case law and the Advisory Committee Notes that accompany the Federal Rules of Civil Procedure. The court's own Rules Committee Notes are intended primarily to state the source of a given rule but in some instances also to provide interpretive guidance." (Emphasis supplied) And the 2005 Rules Committee Note added: "the 2005 revision extends the symmetry between these rules and the Federal Rules of Civil Procedure.

And the RCFC and the FRCP are very similar, in pertinent part, in the sections pertinent to the Government's motion. Compare RCFC 12 (e) with FRCP 12 (e) and RCFC 8(a) with FRCP 8(a).

*Marshalls v. United States* USCFC No. 06-233C (Cl. Ct. 2006). The purpose is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." See *Bell Atlantic Corp. v. Twombly*, 550 U.S. ----, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *accord Erickson v. Pardus*, 551 U.S. ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam).

The Order entered by the Court on February 4, 2008 directed the Government to file a revised motion to dismiss with brief not later than April 4, 2008. Instead, the Government filed the subject motion under COFC Rule 12(e) seeking a more definite statement of facts. In this context, RCFC 12(e) states, in part, a "party may move for a more definite statement before interposing a responsive pleading" "if [the] pleading to which a responsive pleading is allowed is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."

Significantly, the Government fails to allege that the First Amended Complaint is too vague or too ambiguous or that the Government is prejudiced in the preparation of its responsive pleading. Rather, the relief requested by the Government is that "Mr. Levy should file a more definite statement of facts of when he contends that he discovered his claim." Defendant's Motion for More Definite Statement, p. 1.

Given the liberal nature of the federal pleading standards, Rule 12(e) motions (RCFC 12(e) and FRCP Rule 12(e)) are typically disfavored by courts. *Rahman v. Johanns*, 501 F.Supp.2d 8, 19 (D.D.C. 2007); *Hilska v. Jones*, 217 F.R.D. 16, 25 (D.D.C. 2003); *see Burnett v. Al Baraka Inv. and Development Corp.*, 274 F. Supp.2d 86, 110 (D.D.C. 2003) ("Normally, of course, the basis for requiring a more definite statement under Rule 12(e) is unintelligibility, not mere lack of

detail"). Rule 12(e) is meant to rectify incomprehensible or confused pleadings, not to add detail or substitute for the discovery process. See *Federal Air Marshalls v. United States* USCFC No. 06-233C (Cl. Ct. 2006); *ProBatter Sports, LLC v. Sports Tutor, Inc.*, 246 F.R.D. 99, 101 (D. Conn. 2007).

Because of the liberal notice pleading requirements and the availability of pretrial discovery, motions for a more definite statement are generally disfavored because of their dilatory effect. *See, In re Methyl Tertiary Butyl Ether (""MTBE'') Products Liability Litigation*, 233 F.R.D. 133, 135 (S.D. N.Y. 2005). The preferred course is to encourage the use of discovery procedures to apprise the parties of the factual basis of the claims made in the pleadings. *Id.*; *Haghkerdar v. Husson College*, 226 F.R.D. 12, 14 (D.Me. 2005) ("The motion [under Fed. R. Civ. P. 12(e)] is granted sparingly since it is not to be used as a substitute for discovery in trial preparation"); *Home & Nature Inc. v. Sherman Specialty Co., Inc.*, 322 F. Supp.2d 260, 265 (E.D. N.Y. 2004) ("An underlying aim of the Federal Rules is to discourage motions to compel more definite complaints and to encourage the use of discovery procedures to apprise the parties of the basis for the claims made in the pleadings").

Because the Government has failed to allege that the First Amended Complaint is too vague or too ambiguous or prejudices the Government in its ability to prepare a responsive pleading, we submit that the subject motion fails to comply with the procedural requisites of a motion for more definite statement under RCFC 12(e). Moreover, the relief requested in the subject motion does not relate in any way to any alleged ambiguity or vagueness in the First Amended Complaint. Rather, it only seeks additional factual information. Finally, there is clear

precedent which holds that a motion for a more definite statement of facts under Rule 12(e) should not be used as a substitute for the discovery process.

It is clear that the First Amended Petition is neither vague nor ambiguous and places the Government on notice of the causes of action asserted by the Plaintiff.[3] As a result, the First Amended Complaint complies with the notice pleading requirements in the Rules of theCourt of Federal Claims. In addition, the nature of the specific relief requested by the Government clearly shows that the subject motion fails to comport with the prerequisites in RCFC 12(e).

Accordingly, Plaintiff respectfully requests that the Court deny the subject motion and declare that there is no substantial legal basis for the Government's position in filing the subject motion.

---

[3] The statute of limitations for an action in the Court of Federal Claims is tolled if the plaintiff shows that the defendant has concealed the facts giving rise to the cause of action, preventing the plaintiff from learning of those facts, or if the injury was inherently unknowable as of the accrual date. *Martinez v. U.S.*, 333 F.3d 1295, 1301 (Fed. Cir. 2003). The facts show that the Army failed to timely provide Plaintiff with copies of the erroneous officer efficiency report and the erroneous Army Board for Correction of Military Records internal memorandum in violation of applicable Army Regulations in effect at that time (AR 640-98, 11 November 1955) or to even notify plaintiff that those documents existed. Because Plaintiff did not serve two six-month tours of active duty in 1957, the officer efficiency report (which was the basis for his failures of selection and his separation) was clearly erroneous. Further, the internal ABCMR memo (which was premised upon the erroneous officer efficiency report) that served as the basis for the denial of relief at the original ABCMR appeal, was also erroneous. In the ABCMR decision of January 26, 2006, the Army for the first time admitted that plaintiff had established the facts to show that the factual predicate for Plaintiff's separation was in error. Arguably that ABCMR decision was constructive notice to plaintiff of the adverse information contained in his service record. Thus, the affirmative <u>and continuing</u> concealment of the underlying facts ceased only as of January 26, 2006 when the Army finally admitted that Plaintiff had shown that he had not served on two six-month tours of active duty in 1957 and thereby could not have received an officer efficiency report for that period.

Respectfully submitted,

s/Gilbert J. Ginsburg
Attorney and Counselor at Law
1250 24th Street NW, Suite 350
Washington, DC 20037
Tel: (202) 776-7772
Fax: (202) 776-7773
E-mail: gilgins@aol.com

Counsel for Mathew Levy

Dated: April 17, 2008

OF COUNSEL:

Timothy Sullivan
Stephen Jeffery
Thompson Coburn LLP
1909 K. St. NW, Suite 600
Washington, DC 20006