Exhibit 17

DEPARTMENT OF THE ARMY
BOARD FOR CORRECTION OF MILITARY RECORDS
1901 SOUTH BELL STREET 2ND FLOOR
ARLINGTON, VA 22202-4508

January 30, 2006

AR20050009008, Levy, Mathew

Mr. Mathew Levy
8084 Kennedy Road
Backlick OH 43004-8726

Dear Mr. Levy:

I regret to inform you that the Army Board for Correction of Military Records denied your application.

The Board considered your application under procedures established by the Secretary of the Army. I enclose a copy of the Board's Record of Proceedings. This decision explains the Board's reasons for denying your application.

This decision in your case is final. You may request reconsideration of this decision within one year only if you can present new evidence or argument that was not considered by the Board when it denied your original application.

Sincerely,

Carl W.S. Chun
Director, Army Board for Correction
of Military Records

Enclosure

DEPARTMENT OF THE ARMY
BOARD FOR CORRECTION OF MILITARY RECORDS
1901 SOUTH BELL STREET 2ND FLOOR
ARLINGTON, VA 22202-4508

SFMR-RBR

January 30, 2006

MEMORANDUM FOR US ARMY REVIEW BOARDS AGENCY SUPPORT DIVISION, ST. LOUIS (SFMR-RBR-SL), 9700 PAGE AVENUE, ST. LOUIS, MO 63132-5200

SUBJECT: Army Board for Correction of Military Records Record of Proceedings for Levy, Mathew, SSN 051280933, AR20050009008

The application submitted by the individual concerned has been denied by the Army Board for Correction of Military Records.

Signed

Carl W. S. Chun
Director, Army Board for Correction
of Military Records

Encl

CF:
( )OMPF
(√)

DEPARTMENT OF THE ARMY
BOARD FOR CORRECTION OF MILITARY RECORDS
1901 SOUTH BELL STREET 2ND FLOOR
ARLINGTON, VA 22202-4508

# RECORD OF PROCEEDINGS

IN THE CASE OF: LEVY, MATHEW

BOARD DATE: 26 January 2006
DOCKET NUMBER: AR20050009008

I certify that hereinafter is recorded the true and complete record of the proceedings of the Army Board for Correction of Military Records in the case of the above-named individual.

| | |
|---|---|
| Mr. Carl W. S. Chun | Director |
| Mrs. Nancy L. Amos | Analyst |

The following members, a quorum, were present:

| | |
|---|---|
| Mr. John T. Meixell | Chairperson |
| Mr. Jeffrey C. Redmann | Member |
| Ms. Rose M. Lys | Member |

The Board considered the following evidence:

Exhibit A - Application for correction of military records.

Exhibit B - Military Personnel Records (including advisory opinion, if any).

THE APPLICANT'S REQUEST, STATEMENT, AND EVIDENCE:

1. The applicant requests reconsideration of the 1959 decision to correct his records. He requests reinstatement and promotion to captain, O-3. The 1959 Army Board for Correction of Military Records (ABCMR) decision is not available and this case will be considered de novo.

2. The applicant states that, in response to his Congressman's request for his records, he received a reconstructed service record. It reveals that the reason his request for correction of military records was denied on 7 January 1959 was based on a record-keeping error. First, the file states the General was his rating officer. The note in the file states that he "was apparently accountable directly to the General." The General was never his rating officer. More importantly, the file indicates he was on active duty for a full year during which time (says the file) his rating and endorsing officer purportedly found he "had not demonstrated potential for promotion."

3. The applicant states he was not on active duty for that year. He was only activated for a two-week period in 1957 and again in 1958. The documents he now provides proves it. Obviously, the negative evaluation referred to in the file was of a different officer. He was denied promotion and retention based upon a record-keeping error. The ABCMR relied on erroneous records, records relating to someone else.. Clearly, he would have been promoted as the two proper ratings found "he was considered fully qualified for promotion," in addition to which he received laudatory evaluations.

4. The applicant listed the date of discovery of the alleged error or injustice as 30 October 2002.

5. The applicant provides nine attachments:

A. A memorandum for the Executive Secretary, ABCMR, dated 2 January 1959.

B. U. S. Army Military District, New York Letter Orders U. S. Army Reserve (USAR) 2415, dated 19 July 1957.

C. His 1957 Army Form W-2 (Withholding Tax Statement).

D. His 1957 Form 1040 (U. S. Individual Income Tax Return – 1957).

E. A 1956 – 1957 faculty listing for the Fashion Institute of Technology.

F. A 15 April 1960 letter from the Social Security Administration.

G. A 10 January 1957 letter, subject: Mobilization Designation Assignment.

H. A 28 August 1957 letter from the Chief, Procurement Services Branch.

I. A July 1957 report, subject: Evaluation and review of procedures on maintenance of GMS and internal control records under current Army Regulations.

COUNSEL'S REQUEST, STATEMENT AND EVIDENCE:

1. Counsel requests the applicant's records be corrected and he be given the promotion to captain for which he was found to be fully qualified.

2. Counsel states the "Selection Board's" (apparently meaning the ABCMR's) records erroneously indicated the applicant was called to active duty for the entire year. Apparently, a different officer was in fact called up for the two six-month periods and that officer earned a poor performance review, as a result of which that officer was deemed unqualified for promotion. Attributing that poor performance to the applicant, the applicant was denied promotion and given an honorable discharge. The applicant sought correction of his file; however, a fire destroyed most of the records in St. Louis. The attachments with this current application had to be gathered from other sources and from closed offices. These documents verify the applicant was on active duty for only two weeks in each year and therefore the adverse evaluations attributed to him were clearly not of the applicant.

CONSIDERATION OF EVIDENCE:

1. The applicant is requesting correction of an alleged error or injustice which occurred around January 1959, the date of the original ABCMR action. The application submitted in this case is dated 8 June 2005.

2. Title 10, U.S. Code, Section 1552(b), provides that applications for correction of military records must be filed within 3 years after discovery of the alleged error or injustice. This provision of law allows the Army Board for Correction of Military Records (ABCMR) to excuse failure to file within the 3-year statute of limitations if the ABCMR determines that it would be in the interest of justice to do so. In this case, the ABCMR will conduct a review of the merits of the case to determine if it would be in the interest of justice to excuse the applicant's failure to timely file.

3. The applicant's military records are not available to the Board for review. A fire destroyed approximately 18 million service members' records at the National Personnel Records Center in 1973. It is believed that the applicant's records were lost or destroyed in that fire. However, there were sufficient documents remaining in a reconstructed record for the Board to conduct a fair and impartial review of this case.

4. After having had prior enlisted service, the applicant was appointed a second lieutenant in the Officer Reserve Corps on 1 October 1949. He was promoted to first lieutenant on 29 June 1953.

5. U. S. Army Military District, New York Letter Orders U. S. Army Reserve (USAR) 2415, dated 19 July 1957, ordered the applicant to annual unit training for the period 7 through 28 July 1957.

6. The applicant was twice nonselected for promotion to captain and as a result was discharged on 18 September 1958.

7. The applicant applied to the ABCMR for reinstatement in the USAR around 1958. The applicant provided the examiner's memorandum for the Executive Secretary of the ABCMR, dated 2 January 1959. The decision document is not available but presumably the applicant's request was denied. The 2 January 1959 memorandum stated in part, "His efficiency reports indicate that he was considered fully qualified for promotion by his rating officer on 16 September 1957. However, he was on active duty for training for 2 consecutive 6-month periods beginning 1 Jan 57 through 31 Dec 57, and his rating officer on 21 January 1958 felt that he had not demonstrated potential for promotion despite his opportunity to do so. The rating officer who rendered the favorable report on him in Sep 57, again considered appl qualified for promotion on 2 Jul 58, after appl had served on a 2-week tour of active duty for training."

8. The 2 January 1959 memorandum further noted that the reason(s) for the applicant's nonselection for promotion by the selection board was not known as such boards did not prepare proceedings or leave any workup sheet in the files to show the basis for their selection or nonselection of an individual.

9. The applicant provided a 1957 Withholding Tax Statement showing he was paid $277.40 in total wages that year [for military service].

10. Army Regulation 135-155 (Promotion of Commissioned Officers other than General Officers Not on Active Duty), in effect at the time, provided in pertinent part that, when officers of the Army Reserve in grade of first lieutenant, captain, or major were to be considered by a selection board for [nonunit] promotion, the

convening officer would furnish to the selection board the names of such officers to be considered for promotion to the grade concerned. Unless the Department of the Army specifically directed the board to select for promotion a specified number of officers whom the board considered to be the best qualified of those named for consideration, the board would select those officers whom it considered fully qualified for promotion and to report those officers who were deemed not to be fully qualified for promotion.

11. The doctrine of laches is defined by Black's Law Dictionary, sixth edition as the neglect to assert a right or claim which, taken together with lapse of time and other circumstances causing prejudice to the adverse party, operates as a bar in a court of equity.

DISCUSSION AND CONCLUSIONS:

1. The pay rate for a first lieutenant in 1958 is not known; however, informal research revealed the monthly pay rate for a second lieutenant in June 1960 was $222.30. Therefore, the 1957 W-2 form provided by the applicant showing he was paid a total of $277.40 [for military service] for that year is accepted as sufficient evidence to show he was not on active duty for the period 1 January through 31 December 1957.

2. For the above reason, it appears the 2 January 1959 memorandum from the ABCMR examiner incorrectly noted the applicant was on active duty for two consecutive six-month periods beginning 1 January 1957 through 31 December 1957 and that his rating officer on 21 January 1958 felt he had not demonstrated potential for promotion.

3. Nevertheless, the error in the 2 January 1959 memorandum, whether obtained from an error in the applicant's records or a clerical error on the part of the ABCMR's staff, does not negate the fact it is not known why the applicant was not selected for promotion to captain. Promotion boards at the time, as currently, do not leave a written record of why an officer is selected or not selected for promotion. It cannot even be determined at this point in time if the criteria for promotion to captain during the two boards he was considered but not selected was "fully qualified" or "best qualified."

4. The applicant stated that, in response to his Congressman's request for his records, he received a reconstructed service record. It appears this may have occurred on 30 October 2002, the date he "discovered" the alleged error or injustice.

5. However, the applicant had the opportunity to question the "error" in the ABCMR's 2 January 1959 memorandum in 1959. If he had never received the ABCMR memorandum, he should have requested a copy of it from the ABCMR in 1959. He could have discovered the error long before the 1973 fire at the National Personnel Records Center. He should have been able to more easily obtain his 1957 Form W-2 and the other contemporary documents needed for this application in 1959.

6. Had the applicant brought the apparent error to the ABCMR's attention in 1959 or so, it would have been possible to review his records and, if indeed the error was in his records, to correct the records and have a promotion selection board reconsider his records for promotion to captain and reinstatement. However, due to the passage of time, favorable consideration of the applicant's request would be barred by laches if the ABCMR's statute of limitations were waived. The Board concludes that it is not in the interest of justice to waive the statute of limitations.

7. Records show the applicant should have discovered the alleged error or injustice now under consideration around January 1959; therefore, the time for the applicant to file a request for correction of any error or injustice expired around January 1962. The applicant did not file within the 3-year statute of limitations and has not provided a compelling explanation or evidence to show that it would be in the interest of justice to excuse failure to timely file in this case.

BOARD VOTE:

________ ________ ________ GRANT FULL RELIEF

________ ________ ________ GRANT PARTIAL RELIEF

________ ________ ________ GRANT FORMAL HEARING

________ ________ ________ DENY APPLICATION

BOARD DETERMINATION/RECOMMENDATION:

1. The Board determined that the evidence presented does not demonstrate the existence of a probable error or injustice. Therefore, the Board determined that the overall merits of this case are insufficient as a basis for correction of the records of the individual concerned.

2. As a result, the Board further determined that there is no evidence provided which shows that it would be in the interest of justice to excuse the applicant's

failure to timely file this application within the 3-year statute of limitations prescribed by law. Therefore, there is insufficient basis to waive the statute of limitations for timely filing or for correction of the records of the individual concerned.

CHAIRPERSON

Exhibit 18

Before the Department of the Army
Board for Correction of Military Records

In the Case of Levy, Mathew
Docket No. AR 20050009008

MOTION FOR RECONSIDERATION
OF THE ABCMR'S DECISION OF 26 JANUARY 2006

The Applicant, Mathew Levy (herein sometimes "Lt. Levy" or "Dr. Levy"), respectfully requests reconsideration of the Army Board for the Correction of Military Records ("the ABCMR" or "the Board") decision of 26 January 2006 in the subject case based, in substantial part, on evidence apparently not considered by the ABCMR. The Board's decision makes it evident that the Board was either unaware of or overlooked the correspondence from and to Senator Jacob K. Javits in February 1959 with respect to Lieutenant Levy's non-selection for promotion to Captain. In paragraph 5 of DISCUSSIONS and CONCLUSIONS in its decision, the Board faults Lt. Levy for not having called to the Board's attention its error in not selecting him for promotion and for not having obtained from the Board a copy of its 2 January 1959 memorandum (Exh. 3), that disclosed the error of mistaken identity in the selection board's records and deliberations. The Board, however, failed to mention that the matter of Lieutenant Levy's nonselection for promotion was expressly called to the Army's attention by Senator Javits in February 1959, who asked the Army for a complete report. (Exh. 1) Nor did the Board mention in its decision that the Army did not, in its report to Senator Javits, furnish a copy of the ABCMR's memo or that the Army, in its reply to the Senator, said that the reasons for nonselection could not be divulged. See Army letter of 27 February 1959 to Senator Javits (Exh. 2).

In its decision of 26 January 2006 on Mathew Levy's application, the ABCMR correctly points out, on page 3, that the applicable statute, 10 U.S. Code Section 1552 (b), provides that:

> Applications for correction of military records must be filed within 3 years after discovery of the alleged error or injustice.

The decision goes on to say that:

> This provision of law allows the Army Board for Correction of Military Records (ABCMR) to excuse failure to file within the 3-year statute of limitations if the ABCMR determines that it would be in the interest of justice to do so. In this case, the ABCMR will conduct a review of the merits of the case to determine if it would be in the interest of justice to excuse the applicant's failure to timely file.

The Board assumes that Dr. Levy failed to file his application within 3 years of discovering the error in the selection board's decision. However, Dr. Levy did file his application within the 3-year period of discovering the error. And he could not have reasonably discovered the error earlier than he did.

The Board, in paragraph 5 of DISCUSSIONS AND CONCLUSIONS, said:

> 5. However, the applicant had the opportunity to question the "error" in the ABCMR's 2 January 1959 memorandum in 1959. If he had never received the ABCMR memorandum, he should have requested a copy of it from theABCMR in 1959. He could have discovered the error long before the 1973 fire at the National Personnel Records Center.

And the Board then concludes, in paragraph 7:

> 7. Records show the applicant should have discovered the alleged error or injustice now under consideration around January 1959; therefore, the time for the applicant to file a request for correction of any error or injustice expired around January 1962. The applicant did not file within the 3-year statute of limitations and has not provided a compelling explanation or evidence to show that it would be in the interest of justice to excuse failure to timely

file in this case.

Lieutenant Levy was never furnished a copy of the ABCMR's memorandum of 2 January 1959 (Exh. 3) until 30 October 2002, when he received his "reconstructed service record" in response to his Congressman's request. See ABCMR Decision AR20050009008, 26 January 2006, DISCUSSION AND CONCLUSIONS, para. 4. Nor was he ever notified that he could obtain a copy of the ABCMR's 2 January 1959 memorandum. Of course, he had no idea that there was a basic error of mistaken identity in that memorandum.

Dr. Levy and his counsel have searched diligently but have not found a regulation of the ABCMR or a similar publication that notifies persons in Lieutenant Levy's position that a copy of the ABCMR's memorandum will be made available to the reservist upon request. Counsel respectfully requests that the ABCMR identify for Dr. Levy where such notice is published. Moreover, the Army's letter of 27 February 1959 to Senator Javits (Exh. 2) appears to say that ABCMR memos regarding promotion selection or non-selection information are not made publicly available. See the discussion below.

In the absence of publication of such notice, Dr. Levy respectfully requests that the ABCMR withdraw paragraphs 5 and 7 of its DISCUSSION AND CONCLUSIONS and revise its decision accordingly.

Lieutenant Levy in fact did bring the matter of his erroneous nonselection to the attention of the ABCMR in 1959, the time when the Board, in paragraphs 5 and 7 of its Discussion and Conclusions, said he should have done so. He brought the matter of his erroneous nonselection to the Board's attention by obtaining the assistance of Hon. Jacob K. Javits in doing so. Senator Javits wrote to the Board in February 1959, requesting a complete report relative to Lieutenant

Levy's non-selection. In response, the Acting Adjutant General sent the enclosed reply of 27 February 1959 (Exh. 2). Interestingly, the Army's reply to Senator Javits did not include a copy of the ABCMR memorandum of 2 January 1959 (Exh. 3), which had been issued only the month before. Indeed, the Army's 27 February 1959 letter (Exh. 2) seems to say that the ABCMR 2 January 1959 memo and similar reports are not available to reservists like Lieutenant Levy or even to United States Senators:

> ...The specific reasons for the decision of a selection board in any individual case are not known outside the board inasmuch as the board is not permitted to divulge such information.
> (Emphasis supplied).

And the Army's cover memo from the Executive Secretary of the ABCMR (of Jan 13, 1959) (Exh. 4) specified what the applicant (Lt. Levy) was to be told, i.e., that "insufficient evidence had been presented to indicate probable material error or injustice" and that the application had been denied. The Executive Secretary also specified that the "notice to the applicant [of the denial] will be in the form prescribed by the [ABCMR's} memo [of] 10 August 1955". Thus, not only did the ABCMR not inform the Adjutant General that the ABCMR memo of 2 January 1959 could be furnished to Mr. Levy, it prescribed both the contents and the form of the notice of the denial.

REQUEST FOR RELIEF

In light of the February 1959 correspondence from and to Senator Javits relative to Lt. Levy's nonselection for promotion to Captain, especially the Army's failure to release the ABCMR's memo of 2 January 1959 (Exh. 3), information which the ABCMR apparently did not consider in issuing its decision, we respectfully request that the Board reconsider its decision of 26 January

2006.

And, in the absence of a published regulation or similar notice to reservists of the ACBMR memo of 2 January 1959, the Board should find that Dr. Levy timely filed his application for correction of his military records within 3 years of the date he learned of the error.

Moreover, even if there were a regulation or other source of notice to Lt. Levy of the availability of the ABCMR memo, the Army's failure to furnish a copy to Senator Javits in response to the Senator's request for a complete report as to the Army's decision not to select Lieutenant Levy for promotion to captain, along with the Army's 27 February 1959 letter (Exh. 2) stating that information regarding selection and nonselection was not publicly available, misled both Lt. Levy and Senator Javits into believing that no such information was available. For this reason, also, the Board should find that Dr. Levy's application was timely filed.

Finally, the Board states in paragraph 3 of its DISCUSSION AND CONCLUSION:

> 3. Nevertheless, the error in the 2 January 1959 memorandum, whether obtained from an error in the applicant's records or a clerical error on the part of the ABCMR's staff, does not negate the fact it is not known why the applicant was not selected for promotion to captain. Promotion boards at the time, as currently, do not leave a written record of why an officer is selected or not selected for promotion. It cannot even be determined at this point in time if the criteria for promotion to captain during the two boards he was considered but not selected was "fully qualified" or "best qualified".

First, the reasons for nonselection for promotion by the selection board are obvious. The writeup of the Examiner in the 2 January 1959 memo to the Executive Secretary of the ABCMR, after stating the Lt. Levy was passed over for promotion twice, then discussed his qualifications for promotion that resulted in his being passed over. The writeup emphasized that Lt. Levy was

found by his rating officer for each of his two (nonexistent) 6 month periods of active duty for training "to not [have] demonstrated the potential for promotion." The clear implication from this memo is that Lt. Levy was passed over for promotion because of the poor ratings given him by his "rating officer". Moreover, since the Army and its selection officers made the mistake in identity, if there had been any doubt, the benefit of the doubt would have to have been given to Lt. Levy.

As to what the criteria for promotion to captain during the two boards were at the time, i.e., "fully qualified" or "best qualified", this information is singularly within the exclusive knowledge of the Army, who has the responsibility for it. In the absence of the Army demonstrating that "best qualified" was the standard at the time, the Board should find that Lt. Levy, who was fully qualified for promotion[1], would have been promoted to captain.

In that connection, the undersigned was on the faculty of the Army Judge Advocate General's School (in Charlottesville, VA) from 1959 to 1962. Besides teaching duties, I also was assigned to the Reserve Affairs Division. In that capacity, I used to see the promotion lists. In addition, I was a first lieutenant then and, since I thought I would be up for promotion to captain during my 3-year tour, I regularly monitored the promotion lists. In fact, I was promoted to Captain, USAR, in 1962 and I remember that <u>all</u> those first lieutenants deemed to be fully qualified made the promotion list in 1962 and for the several years before, from 1959 to 1962. <u>See</u> Affidavit of Gilbert J. Ginsburg (Exh. 5).

Moreover, even if the standard for promotion to captain at the time had been best

---

[1]Lieutenant Levy was expressly found fully qualified for promotion by his rating officer in September 1957 and again in July 1958 (Exh. 3). Indeed, his performance as a reserve officer was exemplary.

qualified (which it was not), Lt. Levy would still have been promoted. There was a laudatory letter in his file from the chief of his unit. Thus, the chief of the Procurement Services Branch of the New York Chemical Procurement District, U.S. Army, wrote, on 28 August 1957, to Lt. Levy: "[Y]our analysis of operational responsibilities concerning our Branch is one of the finest I have had the privilege to read." Therefore, based on his record, Lt. Levy would have been promoted to captain even if the promotion standard had been "best qualified", which it was not.

For the foregoing reasons, the military records of Mathew Levy should be corrected to show him promoted to the rank of captain in 1958.

Respectfully submitted,

Gilbert J. Ginsburg
Counsel for Mathew Levy
Attorney & Counselor at Law
1250 24th Street NW
Suite 350
Washington, DC 20037
(202) 776-7772

# EXHIBIT 1

JACOB K. JAVITS
NEW YORK

United States Senate
WASHINGTON, D. C.

February 5, 1959

Mr. Mathew Levy
2757 Claflin Ave.
Bronx 68, NY

Dear Mr. Levy:

This will acknowledge your letter of recent date concerning your problem.

Your request will have my immediate attention as I am looking into this matter for you and have asked for a report. In this way I can be of some help to you and appreciate your giving me this opportunity to do what I can.

You may be assured when the report is received I will be in touch with you again.

Sincerely,

Jacob K. Javits, U.S.S.

JKJ:McF

# EXHIBIT 2

AGPR-AP 201 Levy, Mathew
0 981 133 (12 Feb 59)

27 FEB 1959

Honorable Jacob K. Javits

United States Senate

Dear Senator Javits:

The Chief, Legislative Liaison, has asked me to reply to your recent inquiry in behalf of First Lieutenant Mathew Levy.

Public Law 773, 83d Congress, as amended, provides that a nonunit Reserve officer who fails to be selected upon the first consideration for promotion will again be considered by an appropriate selection board. An officer who is considered for promotion a second time and who fails of selection will not thereafter be considered. Within 90 days (120 days if on active duty) after the second selection board reports its findings, the officer will be discharged or transferred to the Retired Reserve.

The selection board does not limit its scope to any specific items, but has at its disposal the officer's entire military record. The specific reasons for the decision of a selection board in any individual case are not known outside the board inasmuch as the board is not permitted to divulge such information. However, selection for promotion is the responsibility of a board of senior officers especially chosen for this duty. The actions of the board are based on impartial and proper consideration of the officer's qualifications.

Lieutenant Levy was considered a second time for promotion to captain, USAR, by a Reserve Selection Board which convened under the authority of the Commanding General, First United States Army, and was not selected. Therefore, it was mandatory that he be discharged from the Army Reserve.

I appreciate your interest in this matter and I am sorry that I cannot give you a more favorable reply.

Sincerely yours,

BRUCE EASLEY

BRUCE EASLEY
Major General, USA
Acting The Adjutant General

Inclosure

# EXHIBIT 3

MEMORANDUM FOR: Executive Secretary, ABCMR 2 January 1959

NAME: LEVY, MATHEW ASN: 0 981 133 RANK: 1st Lt HON DISCH: 18 Sep 58

APPLICANT REQUESTS: That, in effect, he be reinstated in the Res and promoted to the grade of Capt. He claims that a true and accurate account of his military efficiency is not reflected in his records. In support of his application he submits letters of commendation and character references.

MATERIAL EVIDENCE OF RECORD: DOB: 23 Nov 26. Enlisted service: 18 Nov 44 - 4 Nov 46. Appointed 2d Lt, ORC, 1 Oct 49. Promoted to 1st Lt 29 Jun 53. He was passed over for Res promotion in 1957 and 1958, and was honorably discharged on 18 Sep 58 as a result thereof.

His efficiency reports indicate that he was considered fully qualified for promotion by his rating officer on 16 Sep 57. However, he was on active duty for training for 2 consecutive 6-months periods beginning 1 Jan 57 through 31 Dec 57, and his rating officer on 21 Jan 58 felt that he had not demonstrated potential for promotion despite his opportunity to do so. The rating officer who rendered the favorable report on him in Sep 57, again considered appl qualified for promotion on 21 Jul 58 after appl had served on a 2-week tour of active duty for training.

The law requires that an officer be discharged from the Res if he fails to be selected for promotion to the next higher grade by a Selection Board, after having twice been considered by a Selection Board.

RECOMMENDATION: There is nothing in appl's records to indicate that he has not been properly rated. The reason or reasons for his pass over for promotion by the Selection Boards is not known, as such Boards do not prepare proceedings, or leave any worksheet in the files to show the basis for their selection or non-selection of an individual. Under the circumstances there appears to be no basis for a formal hearing, and a denial of appl's application is accordingly recommended.

[signature]
Examiner

# EXHIBIT 4

DEPARTMENT OF THE ARMY
OFFICE OF THE UNDER SECRETARY
WASHINGTON, D.C.

In Reply Refer To:

JAN 13 1959

AG 201 - LEVY, MATHEW
0 981 133

MEMORANDUM FOR THE ADJUTANT GENERAL:

It is requested that the applicant and counsel, if any, be notified that following examination and consideration of the application and records, the Army Board for Correction of Military Records on JAN 7 1959 determined that insufficient evidence has been presented to indicate probable material error or injustice, and the application is denied.

The notice to the applicant will be in the form prescribed by the memorandum from Executive Secretary, Army Board for Correction of Military Records to The Adjutant General, subject, Notice of Denial of Application for Correction of Military Records, dated 10 August 1955.

Inclosures:

DD Form 149
AG 201 File
Service Record
Eff File

Raymond J. Williams
Executive Secretary
Army Board for Correction
of Military Records

# EXHIBIT 5

# Affidavit of Gilbert J. Ginsburg

I, Gilbert J. Ginsburg, being over the age of 18, do solemnly swear as follows:

1. I am an attorney in practice in Washington, D.C.

2. I am the attorney for Dr. Mathew Levy.

3. From September 13, 1959 to September 12, 1962, I was in the Army Reserve on active duty.

4. After basic infantry officer's training, I was assigned to the Army Judge Advocate General ("JAG") School in Charlottesville, VA as an instructor and staff member. A part of my assignment was with the Reserve Affairs Division. In that capacity, I used to see the promotion lists for, among other things, captain in the Army Reserve.

5. My entry into the Army was as a First Lieutenant JAGC-USAR. Since I thought I would be up for Captain during my three year tour at the JAG School, I paid particular attention to the promotion lists. In fact, in 1962 I was promoted to Captain JAGC-USAR.

6. During my three-year tour at the JAG School from 1959 to 1962, I remember that all those first lieutenants who were deemed fully qualified for promotion, made the promotion list for captain.

Gilbert J. Ginsburg

Sworn to and subscribed before me the 24th [illegible], 2006.

PATRICIA A. PAYNE
COMMONWEALTH OF VIRGINIA
NOTARY PUBLIC

Notary Public

My Commission Expires January 31, 2009

My Commission Expires January 31, 2009

My Commission Expires

Exhibit 19

DEPARTMENT OF THE ARMY
BOARD FOR CORRECTION OF MILITARY RECORDS
1901 SOUTH BELL STREET 2ND FLOOR
ARLINGTON, VA 22202-4508

November 28, 2006

Case Management Division/wa
LEVY, MATTHEW
AR20060000144462

Mr. Joel D. Davis
Gilbert J. Ginsburg
Attorney and Counselor at Law
1250 24th Street, N.W. Suite 350
Washington, DC 20037

Mr. Davis:

This is in response to your August 29, 2006 letter submitted on behalf of Mr. Matthew Levy requesting reconsideration of a previous Army Board For Correction of Military Records (ABCMR) decision. The original case was considered by the ABCMR in 1959 and reconsidered (case AR20050009008) on 26 January 2006.

Army Regulation 15-185 sets forth procedures for processing requests for correction of military records. Paragraph 2-15b governs requests for reconsideration. This provision of the regulation allows an applicant to request reconsideration of an earlier ABCMR decision if the request is received within one year of the ABCMR's original decision and it has not previously been reconsidered.

The staff of the ABCMR reviewed your request for reconsideration and determined that your request for reconsideration was not received within one year of the ABCMR's original decision and has been previously reconsidered. As a result, your request for reconsideration does not meet the criteria outlined above, and we are returning your request without further action.

The ABCMR will not consider any further requests for reconsideration of this matter. However, you have the option to seek relief in a court of appropriate jurisdiction.

Sincerely,

Walter Avery
Chief, Case Management Division

Printed on Recycled Paper