No. 07-829C
(Judge Horn)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

---

MATTHEW LEVY,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

# DEFENDANT'S MOTION TO DISMISS

---

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

DONALD E. KINNER
Assistant Director

ROGER A. HIPP
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 307-0277
Fax: (202) 307-0972

May 22, 2008

Attorneys for Defendant

# TABLE OF CONTENTS

**Page(s)**

DEFENDANT'S MOTION TO DISMISS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE ISSUES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

I. The Court Does Not Possess Subject Matter Jurisdiction To Entertain Mr. Levy's Claims. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

A. Standard Of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

B. Mr. Levy's Claims Are Barred By The Statute Of Limitations. . . . . . . . . . . . . . . . . 5

1. Mr. Levy's Claims Accrued Upon His Discharge In 1958 And Are Not Subject To Tolling. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

2. Mr. Levy Became Aware Of The Facts Giving Rise To His Claim By No Later Than June 2001. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

C. Mr. Levy Has Failed To State A Claim Based Upon A Money-Mandating Statute. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

II. Mr. Levy's Claims Are Barred By The Doctrine Of Laches. . . . . . . . . . . . . . . . . . . . . . . 14

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# TABLE OF AUTHORITIES

## CASES

Al Johnson Constr. Co. v. United States,
19 Cl. Ct 732 (1990). . . . . . . . . . 5

American Export & Coal Corp. v. Matthew Addy Co.,
147 N.E. 89 (Ohio 1925). . . . . . . . . . 10

Ayala v. United States,
16 Cl. Ct 1 (1988). . . . . . . . . . 13

Cornetta v. United States,
851 F.2d 1372 (Fed. Cir. 1988). . . . . . . . . . 14

Cowhig v. Marsh,
693 F. 2d 234 (1st Cir. 1982).. . . . . . . . . . 15

Creppel v. United States,
41 F.3d 627 (Fed. Cir. 1994). . . . . . . . . . 6

Eastport S.S. Corp. v. United States,
178 Cl. Ct. 599 (1967). . . . . . . . . . 12

Fidelity Construction Co. v. United States,
700 F.2d 1379 (Fed. Cir. 1983). . . . . . . . . . 11

Holley v. United States,
124 F.3d 1462 (Fed. Cir. 1997). . . . . . . . . . 4

Hurick v. Lehman,
782 F.2d 984 (Fed. Cir. 1986). . . . . . . . . . 6

Immunocept, LLC v. Fulbright & Jaworski, LLP,
504 F.3d 1281 (Fed. Cir. 2007) . . . . . . . . . . 10

Irwin v. United States,
498 U.S. 89 (1990).. . . . . . . . . . 7

J&E Salvage Co. v. United States,
37 Fed. Cl. 256 (1997), aff'd, 152 F.3d 945 (Fed. Cir. 1998) (table). . . . . . . . . . 4

Jentoft v. United States,
450 F.3d 1342 (Fed. Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

John R. Sand & Gravel Co. v. United States,
128 S. Ct. 750, 753 (2008).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-8

Kendall v. United States,
107 U.S. 123 (1883).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Lynn v. United States,
58 Fed. Cl. 797 (2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Mai v. United States,
22 Cl. Ct. 664 (1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Martinez v. United States,
333 F.3d 1295 (Fed. Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-8, 12 n.2

Moyer v. United States,
190 F.3d 1314 (Fed. Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Murphy v. United States,
16 Cl. Ct. 385 (1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Palmer v. United States,
168 F.3d 1310 (Fed. Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Pepper v. United States,
794 F.2d 1571 (Fed. Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Reeves v. United States,
49 Fed. Cl. 560 (2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Roberta B. v. United States,
61 Fed. Cl. 631 (2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Sankey v. United States,
22 Cl. Ct. 743 (1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Soriano v. United States,
352 U.S. 270 (1957).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

United States v. King,
395 U.S. 1 (1969). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

United States v. Kubrick,
444 U.S. 111 (1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

United States v. Sherwood,
312 U.S. 584 (1941). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

United States v. Testan,
424 U.S. 392 (1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 11, 12

STATUTES

10 U.S.C. § 1552(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2 n.1

28 U.S.C. § 1491. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

28 U.S.C. § 2501. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-8

37 U.S.C. § 204. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 12-14

37 U.S.C. § 206. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13-14

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| MATHEW LEVY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-829C |
| | ) | (Judge Horn) |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests this Court to dismiss the third amended complaint ("complaint") for lack of subject matter jurisdiction, or, in the alternative, for failure to state a claim upon which relief can be granted. Plaintiff's claims accrued when he was discharged from the Army in 1958, and the statute of limitations has long since run. In addition, Mr. Levy fails to state a claim upon which relief can be granted because the money-mandating statute upon which he relies, 37 U.S.C. § 204, does not apply to members of the United States Army Reserve. Finally, the doctrine of laches precludes plaintiff from bringing claims nearly half of a century after they accrued.

**STATEMENT OF THE ISSUES**

1. Whether this Court possesses jurisdiction to entertain claims brought more than six years after they accrued.

2. Whether 37 U.S.C. § 204 is a money-mandating statute applicable to members of the Army Reserve.

3. Whether plaintiff's claims should be dismissed because they are barred by the doctrine of laches.

## STATEMENT OF FACTS

For purposes of this motion to dismiss, we accept the factual allegations of the complaint as true. Plaintiff, Mathew Levy, is a resident of Ohio. Compl. ¶ 1. Mr. Levy enlisted in the United States Army Reserve in 1944. Id. ¶ 17. He was commissioned as a second lieutenant in 1949, and was promoted to first lieutenant in 1953. Id. ¶ 18. He was twice non-selected for promotion to captain and, as a result, was involuntarily discharged from the U.S. Army Reserve on September 18, 1958. Id. ¶¶ 26-28.

Within a few months of his discharge, Mr. Levy applied to the Army Board for Correction of Military Records ("ABCMR")[1], where he challenged his discharge and sought reinstatement into the Army Reserve Officers Corps. Id. ¶ 29. On January 13, 1959, the ABCMR denied his application because there was "insufficient evidence to indicate a probable material error or injustice" had occurred. Id. ¶ 35. Mr. Levy sought the assistance of Senator Jacob Javits to determine the cause of his failure to be promoted. Id. ¶ 37. The Army informed Senator Javits that plaintiff was discharged because he had been passed over for promotion twice, but that "the specific reasons for the decision of a selection board in any individual case are not known outside the board inasmuch as the board is not permitted to divulge such information." Id. ¶ 37.

Approximately 38 years later, in October 1997, Mr. Levy again requested congressional assistance in obtaining retirement benefits from the Army. Id. ¶ 39. In January 1999, his

[1] The ABCMR is composed of civilians appointed by the Secretary of the Army, and possesses statutory authority to "correct any [Army] record" in order to "remove error or injustice." 10 U.S.C. § 1552(a) (2005).

Congressman, the Honorable John Kasich, obtained copies of all available personnel records, which had been reconstructed after the original personnel records were destroyed in a 1973 fire. Id. ¶¶ 38-42. Congressman Kasich forwarded the personnel records to Mr. Levy's attorney sometime between January 1999 and June 2001. Id. ¶¶ 40-42. Mr. Levy received the documents from his attorney in June 2001. Id. ¶ 42.

On December 17, 2001, Mr. Levy requested reconsideration of the ABCMR's January 7, 1959 denial of his application to correct his records and reinstate him. Id. ¶ 43. Mr. Levy provided additional information to the ABCMR on October 30, 2002. Id. ¶ 44. On July 7, 2003, the ABCMR denied his request for relief. Id. ¶ 46.

Mr. Levy filed a new application with the ABCMR on June 8, 2005, which was denied on January 26, 2006 as being time-barred and barred by the doctrine of laches. Id. ¶¶ 51-55. Mr. Levy filed a request for reconsideration on August 29, 2006, which the ABCMR denied on November 28, 2006. Id. ¶¶ 66-67.

On November 27, 2007 – 49 years after his discharge – Mr. Levy filed his complaint in this Court. He alleges that he was involuntarily discharged because "mistaken identity" caused his nonselection for promotion. Id. ¶ 15. He seeks reconsideration of the 1959 ABCMR decision, correction of his records, reinstatement into the Army, and retroactive entitlements. Id. at 18-19 (prayer for relief).

## SUMMARY OF ARGUMENT

Mr. Levy challenges his discharge from the Army in September 1958. His claim accrued at the time of discharge. The statute of limitations is not subject to equitable tolling, and even if it were, Mr. Levy was fully aware of the facts giving rise to his claim by no later than 2001, when he received personnel records that had allegedly been withheld from him at the time of discharge.

In addition, even if Mr. Levy's claims could survive the statute of limitations, his complaint fails to state a claim upon which relief can be granted. Mr. Levy identifies 37 U.S.C. § 204 as the money-mandating provision upon which his claim is based. While section 204 is money-mandating for active duty soldiers, it does not apply to members of the Reserve who are not on active duty.

Finally, Mr. Levy's claims are barred by the doctrine of laches. Mr. Levy's 49-year delay in bringing this action is inexcusable and would result in prejudice to the United States if Mr. Levy were allowed to proceed with his claims.

## ARGUMENT

### I. The Court Does Not Possess Subject Matter Jurisdiction To Entertain Mr. Levy's Claims

#### A. Standard Of Review

In deciding a RCFC 12(b)(1) motion, "determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir. 1997) (citations omitted). Where this Court's subject matter jurisdiction is placed in issue, the non-moving party bears the burden of establishing jurisdiction. J&E Salvage Co. v. United States, 37 Fed. Cl. 256, 260 (1997), aff'd, 152 F.3d 945 (Fed. Cir. 1998) (table).

It is well settled that this Court is one of limited jurisdiction. Jentoft v. United States, 450 F.3d 1342, 1349 (Fed. Cir. 2006) (citing United States v. King, 395 U.S. 1, 3 (1969)). Its authority to grant relief against the United States is limited by the extent to which the United States has waived sovereign immunity. United States v. Testan, 424 U.S. 392, 399 (1976).

"[T]he United States, as sovereign, 'is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" Id. at 399 (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)). "[I]n a Court of Claims context, that . . . waiver of the traditional sovereign immunity 'cannot be implied but must be unequivocally expressed'." Testan, 424 U.S. at 399 (quoting United States v. King, 395 U.S. 1, 4 (1969)).

Although a plaintiff's jurisdictional assertions are entitled to being favorably construed by the Court, "fact-finding is proper when considering a motion to dismiss where the jurisdictional facts in the complaint (here, alleged involuntariness) are challenged." Lynn v. United States, 58 Fed. Cl. 797, 800 (2003) (quoting Moyer v. United States, 190 F.3d 1314, 1318 (Fed. Cir. 1999)); see also Al Johnson Constr. Co. v. United States, 19 Cl. Ct 732, 733 (1990) (noting that in an RCFC 12(b)(1) motion, "the filing of materials outside the pleadings does not call for consideration of the motion as one for summary judgment.").

## B. Mr. Levy's Claims Are Barred By The Statute Of Limitations

Mr. Levy filed his complaint on November 27, 2007, 49 years after his separation from military service on September 18, 1958. Compl., ¶ 18. The statute of limitations set forth in 28 U.S.C. § 2501 bars his claims.

### 1. Mr. Levy's Claims Accrued Upon His Discharge In 1958 And Are Not Subject To Tolling

Pursuant to 28 U.S.C. § 2501, "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." The United States Court of Appeals for the Federal Circuit has held

that the bar of § 2501 is jurisdictional. Martinez v. United States, 333 F.3d 1295, 1316 (Fed. Cir. 2003) ("It is well established that statutes of limitations for causes of action against the United States, being conditions on the waiver of sovereign immunity, are jurisdictional in nature.'); see also John R. Sand & Gravel Co. v. United States, 128 S. Ct. 750, 753 (2008) (referring to the term "jurisdictional" as "convenient shorthand" to describe 28 U.S.C. § 2501 and other statutes of limitations to which the doctrines of waiver and equitable tolling do not apply).

A cause of action accrues, and the limitations period under 28 U.S.C. § 2501 begins to run, when all events have occurred that fix the alleged liability of the Government and entitle the plaintiff to institute an action. Creppel v. United States, 41 F.3d 627, 631 (Fed. Cir. 1994). In military separation cases, the six-year statute of limitations begins to run when the individual is discharged from the military. Martinez, 333 F.3d at 1303; Hurick v. Lehman, 782 F.2d 984, 986 (Fed. Cir. 1986).

In Martinez, the United States Court of Appeals for the Federal Circuit considered and rejected three arguments against strict application of 28 U.S.C. § 2501 in military separation casee. First, the plaintiff in Martinez had argued that his claim did not accrue until after he had exhausted his administrative remedies before the ABCMR. 333 F.3d at 1302. The court of appeals rejected that argument because an application to the ABCMR is a permissive remedy, not a mandatory prerequisite to filing a Tucker Act suit. Id. at 1304. Next, the plaintiff in Martinez argued that a new cause of action accrued when the ABCMR denied his application. Id. at 1311. The court of appeals rejected that argument because an adverse decision by the ABCMR does not cause new monetary injury to the claimant. Id. at 1313.

Finally, the plaintiff in Martinez argued that the statute of limitations should have been equitably tolled until the time he became aware that his discharge was the product of an alleged conspiracy. Id. at 1316. The court of appeals declined to decide whether equitable tolling may ever be applied to 28 U.S.C. § 2501. Id. at 1318. Instead, the court of appeals held that even if one assumes that equitable estoppel may be invoked against the Government, the plaintiff had failed to meet the heightened standard that would apply to such claims. Id. at 1318. Such claims require a "compelling justification for delay, such as 'where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" Id. at 1319 (quoting Irwin v. United States, 498 U.S. 89, 96 (1990)).

The Supreme Court recently answered the question left open in Martinez – whether equitable tolling may ever be asserted against 28 U.S.C. § 2501 – in the negative. In John R. Sand & Gravel Co., the Government initially and unsuccessfully asserted in this Court that the plaintiff's claims were barred by 28 U.S.C. § 2501. 128 S. Ct. at 753. Later, the Government "effectively conceded" that some of the claims were timely, and the Government did not refer to the statute of limitations in its appellate brief. Id. An amicus curiae raised the statute of limitations issue in an appellate brief, which prompted the Federal Circuit to hold that the claims were time-barred.

The Supreme Court held in John R. Sand & Gravel Co. that the court of appeals "was right to ignore the Government's waiver and to decide the timeliness question." Id. The Supreme Court classified statutes of limitations into two categories: (1) those that must be raised at the pleadings stage, which are typically susceptible to equitable tolling; and (2) those designed to achieve a system-wide goal, such as limiting the Government's waiver of sovereign immunity

or promoting judicial efficiency. The Supreme Court observed that it "has often read the time limits of [the second category of] statutes as more absolute, say as requiring a court to decide a timeliness question despite a waiver, or as forbidding a court to consider whether certain equitable considerations warrant extending a limitations period." Id. at (citations omitted). 28 U.S.C. § 2501, the Court reaffirmed, falls into the second category. Id. at 753-54.

The Supreme Court explained in detail that equitable tolling has never been permitted pursuant to 28 U.S.C. § 2501 and its predecessor statutes. The Court noted that in 1883, it held in Kendall v. United States, 107 U.S. 123, that equitable tolling was not available to a predecessor of 28 U.S.C. § 2501. 128 S. Ct. at 754. The Court also discussed (among other precedents) Soriano v. United States, 352 U.S. 270 (1957), in which it held that 28 U.S.C. § 2501 is "'jurisdictional' and not susceptible to equitable tolling." 128 S. Ct. at 754. The Supreme Court reaffirmed that Kendall, Soriano, and similar precedents are still good law, and expressly denied the plaintiff's requests that they be overturned. Id. at 756-57. Accordingly, the Court affirmed the decision of the Federal Circuit, which had applied 28 U.S.C. § 2501 to bar the plaintiff's claims notwithstanding the Government's apparent waiver of the defense.

Pursuant to John R. Sand & Gravel and Constructon Co. and Martinez, it is clear that Mr. Levy's claims are barred by the statute of limitations. His claims accrued when he separated from military service in 1958. His applications to the ABCMR did not toll or restart the statute of limitations, and equitable tolling is not available to preserve his claims.

### 2. Mr. Levy Became Aware Of The Facts Giving Rise To His Claim By No Later Than June 2001

It appears that Mr. Levy intends to argue that his claim is not time-barred because he did not receive certain personnel records until June 2001, and did not realize the significance of those documents until October 2002. Such an argument would be unavailing. Even if one assumes for the sake of argument that Mr. Levy's claim did not accrue (or was tolled) until he received the personnel records in June 2001, the statute of limitations expired six years later in June 2007 – several months before he filed this action on November 27, 2007.

Mr. Levy alleges "affirmative concealment" by the Government of certain personnel records. Compl. ¶¶ 9-12. In particular, Mr. Levy contends that at the time of his discharge, the Government should have provided him with copies of: (1) a memorandum, dated January 2, 1959, concerning his nonselection for promotion; and (2) an officer efficiency report from 1957 that was referenced in the memorandum (collectively, the "missing personnel records"). According to Mr. Levy, the missing personnel records contained errors concerning his service record. Compl. ¶¶ 32-33.

It appears that Mr. Levy's previous attorney received the missing personnel records in 1999. Exhibit 10 to the complaint is a letter dated January 4, 1999, from the National Personnel Records Center to John R. Kasich, who at that time was Mr. Levy's Congressional representative. The letter responds to an inquiry made by Representative Kasich on behalf of Mr. Levy, and states: "Enclosed are copies of all available personnel documents in Mr. Levy's reconstructed service record." The missing personnel records are included in Exhibit 10, indicating that they were enclosed with the January 4, 1999 letter.

In the ordinary course of business, Congressman Kasich would have forwarded the missing personnel records to Mr. Levy's attorney in 1999. The knowledge of Mr. Levy's attorney is imputed to Mr. Levy for statute of limitations purposes. See Immunocept, LLC v. Fulbright & Jaworski, LLP, 504 F.3d 1281, 1287 (Fed. Cir. 2007) (applying state law and holding that the knowledge of an attorney is imputed to a client for statute of limitations purposes in a patent prosecution legal malpractice case); American Export & Coal Corp. v. Matthew Addy Co., 147 N.E. 89 (Ohio 1925) ("The general rule that notice to an agent is notice to his principal applies to the relation of attorney and client, and an attorney's notice or knowledge of facts affecting the rights of his client will be considered notice to the latter."). Therefore, if Congressman Kasich forwarded the missing personnel records to Mr. Levy in 1999 (or at anytime prior to November 27, 2001), then knowledge of the documents would be imputed to Mr. Levy.

The complaint does not specify when Mr. Levy's attorney first received the missing personnel records that were sent to Congressman Kasich in 1999. Mr. Levy acknowledges, however, that his attorney attached them to an affidavit dated June 1, 2001. Compl. Ex. 11. Mr. Levy received the affidavit and attachments "shortly after it was executed, in June 2001." Compl. ¶ 42. Mr. Levy alleges that this was the first time he saw the missing personnel records. Id. Accordingly, at the absolute latest, Mr. Levy's claim accrued in June 2001 and expired in June 2007.

______Mr. Levy avers that October 30, 2002, "was the first time [he] put together the facts and possible significance of the Government's internal documents." Compl. ¶ 44. Yet the Supreme Court has held that it is the plaintiff's awareness of the facts giving rise to a cause of action, and

not the plaintiff's belief about whether those facts provide a legal basis for such action, that determines when a statute of limitations begins to run. United States v. Kubrick, 444 U.S. 111, 122-25 (1979) ("We are unconvinced that for statute of limitations purposes a plaintiff's ignorance of his legal rights and his ignorance of the fact of his injury or its cause should receive identical treatment."). See also Sankey v. United States, 22 Cl. Ct. 743, 745 (1991) ("[Plaintiffs'] ignorance of their legal rights does not toll 28 U.S.C. § 2501."). Mr. Levy's delay in "put[ting] together the facts and possible significance of the Government's internal documents" is not a basis for tolling the statute of limitations. Accordingly, Mr. Levy's complaint should be dismissed.

### C. Mr. Levy Has Failed To State A Claim Based Upon A Money-Mandating Statute

This Court's jurisdiction to entertain claims, and to grant relief, depends upon the extent to which the United States has waived sovereign immunity. United States v. Testan, 424 U.S. 392, 399 (1976). The waiver of sovereign immunity, and hence the consent to be sued, must be expressed unequivocally and cannot be implied. Id. As the United States Court of Appeals for the Federal Circuit has stated, "[i]n construing a statute waiving the sovereign immunity of the United States, great care must be taken not to expand liability beyond that which was explicitly consented to by Congress." Fidelity Construction Co. v. United States, 700 F.2d 1379, 1387 (Fed. Cir. 1983).

In this Court, consent to suit is generally determined pursuant to the Tucker Act, 28 U.S.C. § 1491. Testan, 424 U.S. at 397. Pursuant to this statute, an action may be maintained only if it is "founded either upon the Constitution or any Act of Congress, or any regulation of an

executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act itself creates no substantive right of recovery against the United States. Testan, 424 U.S. at 398. Rather, the Act only confers jurisdiction upon the Court when there is an existing substantive right to money currently due and owing. Id. To fall within the scope of the Tucker Act, "a claim must be one for money presently owing, that is, money that is claimed to be due from the government under the terms of a particular statute or regulation or money alleged to have been improperly collected from the claimant by the government." Roberta B. v. United States, 61 Fed. Cl. 631, 634-35 (2004) (citing Eastport S.S. Corp. v. United States, 178 Cl. Ct. 599, 372 F.2d 1002, 1007 (1967)). Accordingly, for the Court to grant relief, there must exist some money-mandating statute or regulation that has been violated.

Mr. Levy cites 37 U.S.C. § 204 as the money-mandating statute upon which his claim based. Compl. ¶¶ 3-4. While section 204 is money-mandating in some situations,[2] it applies only to active duty service members, not to members of the Reserve like Mr. Levy who are not on active duty.

Section 204 provides that service members "on active duty" and service members who are "participating in full-time training, training duty with pay, or other full-time duty" are entitled

---

[2] As noted in our motion to dismiss the original complaint, section 204 is the statute that is generally invoked in military discharge cases. Motion to dismiss at 5, n.2 (citing Martinez, 333 F.3d at 1303. We assumed for purposes of our motion to dismiss the original complaint that section 204 applied to Mr. Levy's claims. In our motion for a more definite statement that we filed in response to Mr. Levy's first amended complaint, we advised that we have determined that section 204 is not money-mandating for members of the Reserve not on active duty. Motion for more definite statement at 3 n.1.

to basic pay. Reservists who are not on active duty do not qualify for pay pursuant to Section 204.

Instead, reservists who are not on active duty can qualify for basic pay pursuant to 37 U.S.C. § 206. Section 206 provides that reservists are entitled to basic pay for: (1) "each regular period of instruction, or period of appropriate duty, at which the member is engaged for at least two hours, including that performed on a Sunday or holiday;" and (2) "the performance of such other equivalent training, instruction, duty, or appropriate duties, as the Secretary may prescribe."

"A critical distinction between Section 204(a) and 206(a) is that Section 206(a) only entitles Reserve members to payment for duty actually performed." Reeves v. United States, 49 Fed. Cl. 560, 566 (2001) (citing Ayala v. United States, 16 Cl. Ct 1, 4 (1988)). The result of this "critical distinction" is that "nonactive duty Reservists cannot sue for back pay under Section 206(a) for unperformed duty." Id. See also Palmer v. United States, 168 F.3d 1310, 1314 (Fed. Cir. 1999) (holding that a reservist has no lawful pay claim for unattended drills or duty periods, even if the reservist was wrongfully denied the opportunity to drill or perform duty).

This case is indistinguishable from Reeves, in which this Court held that a reservist failed to state a claim upon which relief could be granted. As here, the plaintiff in Reeves claimed that he had been wrongly denied a promotion, and sought retroactive pay for unperformed duty. Id. This Court held that "nonactive duty service members are only entitled to payment for training actually performed under Section 206(a)." Id. Because the plaintiff in Reeves had never performed any qualifying duties at the promoted level, his claim did "not meet the money mandating requirements of either Section 204(a) or Section 206(a)." Id. at 566-67.

Due to his nonselection for promotion, Mr. Levy never performed any duty at the rank of captain. Therefore, pursuant to section 204, section 206, and this Court's decision in Reeves, he has failed to state a pay claim upon which relief could be granted.

## II. Mr. Levy's Claims Are Barred By The Doctrine Of Laches

This Court and its predecessor courts "have traditionally applied the equitable doctrine of laches to promote the vigilant pursuit of those claims ripe for adjudication and, in turn, by barring the claims of those who slumber on their rights." Mai v. United States, 22 Cl. Ct. 664, 669 (1991) (citations and internal quotations omitted). "If the government invokes the affirmative defense of laches, it has the burden to show that it was prejudiced by a claimant's tardiness in filing suit." Cornetta v. United States, 851 F.2d 1372, 1380 (Fed. Cir. 1988).

If a plaintiff has notice of a cause of action, even prior to the accrual of a statute of limitations claim, the laches period may begin to run. Murphy v. United States, 16 Cl. Ct. 385 (1989). To apply laches, there must be an unreasonable and inexcusable delay by the plaintiff and prejudice to the defendant. Cornetta, 851 F.2d at 1378. Prejudice to the defendant can be in the form of inability to mount a proper defense or economic prejudice. Id. at 1379 (citations omitted).

The accrual of Mr. Levy's claims was triggered by his discharge on September 18, 1958. Mr. Levy waited 49 years to file his complaint on November 27, 2007. He contends that he did not see the missing personnel records until June 2001, Compl. ¶ 42, but he allowed more than six years to elapse before he filed his complaint. His lengthy delay is inexcusable. See Pepper v. United States, 794 F.2d 1571, 1574 (Fed. Cir. 1986) (finding six-year delay was inexcusable,

even though servicemember claimed not to have been aware of the seriousness of a negative evaluation at the time it was issued).

The second element of laches is prejudice resulting to the defendant. Id. The passage of time would cause substantial prejudice to the United States if this case were to proceed to trial. Mr. Levy's original service record was destroyed in a 1973 fire, and will not be available to the Government. Compl., ¶¶ 38-40. Witnesses would be difficult, if not impossible, to locate, and their memories would have faded in the 49 years since Mr. Levy was discharged. In light of the long passage of time and the prejudice to the Government, the Court should bar plaintiff's claims pursuant to the doctrine of laches. See Cowhig v. Marsh, 693 F. 2d 234 (1st Cir. 1982) (holding that military discharge claim filed 18 years after discharge was barred by the doctrine of laches).

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court grant its motion to dismiss the complaint.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ Roger A. Hipp
ROGER A. HIPP
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-3091
Fax: (202) 514-8640

OF COUNSEL:
MAJOR JERRETT DUNLAP
United States Army Litigation Division
Military Personnel Branch
901 N. Stuart Street, Suite 400
Arlington, VA 22203-1837
Tel: (703) 696-1628
Fax: (703) 696-8126

May 22, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 22nd day of May 2008, a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS" was electronically filed. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

s/ Roger A. Hipp