IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MATHEW LEVY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-829C |
| | ) | (Judge Horn) |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**

Defendant, the United States, respectfully submits this reply brief in further support of our motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction, or in the alternative, for failure to state a claim upon which relief can be granted.

**ARGUMENT**

**I. Mr. Levy's Claims Are Barred By The Statute Of Limitations**

In our initial brief, we demonstrated that military discharge claims ordinarily accrue at the time of discharge. Def. Br. at 5-8. We also demonstrated that Mr. Levy was aware of all the facts giving rise to his claim by, at the very latest, June 2001, at which time his former attorney possessed all of the service records relied upon by Mr. Levy. Def. Br. at 9-12. Mr. Levy did not file this action until November 27, 2007, which was 49 years after his discharge and more than six years after his former attorney obtained his reconstructed service record.

In response, Mr. Levy inaccurately characterizes this action as an attempt to "enforce" a 2006 decision of the Army Board for the Correction of Military Records ("ABCMR" or "board") that denied his application for correction of his military records. Pl. Br. at 4. This theory cannot save Mr. Levy's complaint from the six-year statute of limitations set forth in 28 U.S.C. § 2501.

Mr. Levy obtained no relief from the ABCMR, and therefore cannot "enforce" the board's adverse determination by maintaining an action for money damages in this Court.

Mr. Levy argues that his claim did not accrue until January 26, 2006, when the ABCMR made a factual finding in his favor in the course of denying his application for relief. Mr. Levy correctly cites Martinez v. United States, 333 F.3d 1295, 1315 n.4 (Fed. Cir. 2003) (en banc) for the proposition that when the ABCMR "has granted relief and the service member seeks to enforce or challenge the implementation or scope of the remedial order . . . the question whether the original discharge was lawful is no longer in issue and accrual does not occur at the time of allegedly improper discharge."

The rule in Martinez concerning enforcement of a remedial order does not apply to Mr. Levy. He did not obtain any relief from the ABCMR, so there is no remedial order to be enforced or implemented. In the "Discussions and Conclusions" section of the record of the board's proceedings, the board stated in part:

> 2. [I]t appears that the 2 January 1959 memorandum from the ABCMR examiner incorrectly noted the applicant was on active duty for two consecutive six-month periods beginning 1 January 1957 through 31 December 1957 and that his rating officer on 21 January 1958 felt he had not demonstrated potential for promotion.
>
> 3. Nevertheless, the error in the 2 January memorandum, whether obtained from an error in the applicant's records or a clerical error on the part of the ABCMR's staff, does not negate the fact that it is not known why the applicant was not promoted to captain. Promotion boards at the time, as currently, do not leave a written record of why an officer is selected or not selected for promotion. It cannot even be determined at this point in time if the criteria for promotion to captain during the two boards [by which] he was considered but not selected was "fully qualified" or "best qualified."

Third Am. Compl., Ex. 17, p. 5 of the record.

In the "Board Determination/Recommendation" section of the record of the board's proceedings, the board concluded:

> 1. The Board determined that the evidence presented does not demonstrate the existence of a probable error or injustice. Therefore, the Board determined that the overall merits of this case are insufficient as a basis for correction of the records of the individual concerned.
>
> 2. As a result, the Board further determined that there is no evidence provided which shows that it would be in the interest of justice to excuse the applicant's failure to timely file this application within the 3-year statute of limitations prescribed by law. Therefore, there is insufficient basis to waive the statute of limitations for timely filing or for corrections of the individual concerned.

Id., pp. 6-7 of the record.

According to Martinez, a military discharge claim will be not deemed to accrue at the time of discharge if: (1) "the correction board has granted relief;" (2) "the service member seeks to enforce or challenge the implementation or scope of the remedial order;" and (3) "the question whether the original discharge issue was lawful is no longer in issue." 333 F.3d at 1314 n.4. Mr. Levy satisfies none of the three conditions. First, the ABCMR did not grant relief. Second, the ABCMR did not issue a remedial order that Mr. Levy is seeking to enforce or challenge with respect to implementation or scope. Third, the board did not determine that Mr. Levy's discharge was unlawful. Although the board made a factual finding favorable to Mr. Levy when it determined that the January 2, 1959 memorandum was erroneous, the board also found that there was no way to determine in 2006 why Mr. Levy had not been promoted in 1959. The factual finding in Mr. Levy's favor, made in the course of denying Mr. Levy's application, does not constitute "relief" or a "remedial order" as required by Martinez.

For similar reasons, the other case cited by Mr. Levy, Anderson v. United States, 59 Fed. Cl. 451 (2004), is inapposite. In that case, the Court granted the Government's motion to dismiss the complaint for failure to state a claim. Id. at 459. The plaintiff in Anderson contended that he had been wrongfully denied a promotion while serving on active duty in the Army. Id. at 453. After being separated from the Army, the plaintiff joined the Active Guard Reserve. Id. While serving in the Reserve, the plaintiff obtained relief from the ABCMR, which struck an adverse evaluation from his record and ordered that his corrected records be placed before a special promotion board for consideration. Id. at 454. The special promotion board approved the plaintiff's promotion in the active duty Army. Id. However, the plaintiff did not wish to re-enter active duty service, but instead sought monetary compensation for the period in which his promotion had been delayed. Id. After the ABCMR denied monetary compensation, the plaintiff filed an action in this Court. Id.

This Court dismissed the complaint in Anderson because the plaintiff had failed to state a claim upon which relief could be granted pursuant to the Military Pay Act, 37 U.S.C. § 204. Id. at 459. As we have previously demonstrated in this case, the Military Pay Act authorizes payment to reservists only for drills actually attended or training actually performed. Anderson at 457 (citing Palmer v. United States, 168 F.3d 1310, 1314 (Fed. Cir. 1999)). In addition, the plaintiff in Anderson was unable to invoke the "constructive service" doctrine because he had declined reinstatement to the active duty Army. Anderson at 458-59.

Mr. Levy relies upon a footnote in Anderson concerning the statute of limitations. Pl. Br. at 3 (citing Anderson at 257 n.10). The Court noted that it was considering the statute of limitations sua sponte, because neither party had addressed it. Id. The Court also noted the general rules that military discharge cases accrue at the time of discharge, and that an appeal to

the ABCMR "does not toll a plaintiff's cause of action when the board denies the plaintiff's request." Id. (citing Martinez v. United States, 333 F.3d 1295, 1304 and 1310 (Fed. Cir. 2003) (en banc)). The Court found, however, that the claim in Anderson was timely because the plaintiff was challenging the "implementation and scope" of the ABCMR's remedial order. Id. (citing Martinez, 333 F.3d at 1315 n.4).

Assuming for the sake of argument that the Court's footnote analysis in Anderson was correct, that case is distinguishable because there the plaintiff obtained relief from the ABCMR, which ordered that the plaintiff's records be corrected and that the plaintiff be reconsidered for promotion. In that situation, the claim was arguably timely pursuant to the Martinez rule because the plaintiff had obtained relief from the ABCMR, the legality of his discharge was no longer in question, and the plaintiff brought an action that could be characterized as an attempt to "enforce or challenge the implementation or scope of the remedial order." Mr. Levy, by contrast, did not obtain relief from the ABCMR, has not established the illegality of his discharge, and cannot fairly characterize this action as an attempt to enforce the board's adverse ruling.

## II. Mr. Levy's Claims Are Barred By The Doctrine Of Laches

In our original brief, we demonstrated, in the alternative, that the Court should dismiss Mr. Levy's claim pursuant to the doctrine of laches.[1] Def. Br. at 14-15. We noted that to apply

[1] In our original brief, we also argued that Mr. Levy had failed to identify a money-mandating statute. We erroneously referred to 37 U.S.C. § 204, which was the money-mandating statute cited in the first amended complaint. We apologize for the error. In his third amended complaint, Mr. Levy cites 10 U.S.C. §§ 12731, 14509, and 14515. For purposes of our motion to dismiss, we do not dispute that section 12731 is potentially money-mandating with respect to Mr. Levy. See Kosmo v. United States, 72 Fed. Cl. 46, 48 n.1 (stating, in dicta, that section 12731 was money-mandating as applied to member of Air Force Reserve who sought correction of his military records and additional retirement pay).

laches, there must be an unreasonable and inexcusable delay by the plaintiff and prejudice to the defendant. Cornetta v. United States, 851 F.2d 1372, 1380 (Fed. Cir. 1988).

Mr. Levy responds that defendant acted "outrageously" at the time of discharge by relying upon erroneous information in his personnel record, and by failing to provide the information to Mr. Levy at the time so that he would have an opportunity to respond. Pl. Br. At 8-9. According to Mr. Levy, the Government has unclean hands and cannot invoke the equitable doctrine of laches. Id. at 9.

Even assuming for the sake of argument that the Government treated Mr. Levy inequitably at the time of his 1959 discharge, the Court should recognize that the 1950s are not the relevant time frame. It is undisputed, as we established in our initial brief, that Mr. Levy's original attorney had obtained Mr. Levy's reconstructed personnel file by, at the latest, June 2001. Def. Br. at 9-10. Mr. Levy alleges that on October 30, 2002, he "put together the facts and possible significance of the Government's internal documents." Third Am. Compl., ¶ 42.

Mr. Levy, then, had constructive knowledge of the basis of his claim by June 2001, and had actual knowledge of the basis of his claim by October 2002. The basis for his "unclean hands" contention was also known to him at that time. Yet Mr. Levy continued to file applications with the ABCMR instead of an action in this Court, even though it would become more difficult for the Government to locate evidence and witnesses with each passing year.

The doctrine of laches is a fairness doctrine that requires a balancing of equities. Kelly v. United States, 10 Cl. Ct. 579, 582 (1986). Here the balance of equities favors the Government. Fairness requires a plaintiff like Mr. Levy who believes he has "discovered" a decades-old claim to file a complaint promptly, rather than sit on one's rights.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in our original brief, the United States respectfully requests that the Court grant its motion to dismiss the complaint.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ Roger A. Hipp
ROGER A. HIPP
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-3091
Fax: (202) 514-8640

OF COUNSEL:
MAJOR JERRETT DUNLAP
United States Army Litigation Division
Military Personnel Branch
901 N. Stuart Street, Suite 400
Arlington, VA 22203-1837
Tel: (703) 696-1628
Fax: (703) 696-8126

June 12, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 12th day of June 2008, a copy of the foregoing "DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS" was electronically filed. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

s/ Roger A. Hipp