IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MATHEW LEVY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-829C |
| | ) | Judge Horn |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

PLAINTIFF'S SUR-REPLY
TO
DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

Plaintiff respectfully submits this Sur-Reply in further support of his opposition to the Government's motion to dismiss.

I. Plaintiff's Claims are not barred by the Statute of Limitations

In its Reply, the Government admits the ABCMR "made a factual finding favorable to Mr. Levy when it determined that the January 2, 1959 memorandum was erroneous." Reply, p. 3. In this regard, the January 2, 1959 memorandum was the internal ABCMR briefing memo that erroneously indicated Plaintiff served on active duty for two six-month periods in 1957 and that the corresponding Officer Efficiency Reports ("OERs") contained adverse comments concerning Plaintiff.

These ABCMR determinations constitute judicial admissions in which the Government admits that the factual predicate for Plaintiff's separation from the Army was erroneous (and thereby was wrongful). *See McNamara v. Miller*, 269 F.2d 511, 515 (D.C. Cir. 1959) ("The vital feature of a judicial admission is conceded to be its conclusiveness upon the party making it"); *Alamo v. Del Rosario*, 98 F.2d 328, 330 (D.C. Cir. 1938) ("A stipulation, or judicial admission, 'conceding for the purposes of the trial the truth of some alleged fact, has the effect of a confessory pleading, in that the fact is thereafter to be taken for granted.' Wigmore, *Evidence*, sec. 2588.").

Under the doctrine of issue preclusion, the Government is bound in this case by the favorable factual determinations contained in the January 2006 ABCMR decision. *See Consolidated Edison Co. of New York v. Bodman*, 449 F.3d 1254, 1258 (D.C. Cir. 2006) ("Under the doctrine of issue preclusion, 'binding effect [is to be given] to the first resolution of an issue'"). As a result, the Government cannot contest in this proceeding the fact that Plaintiff's separation was based on erroneous information and was thus wrongful. *See Keller v. U.S.*, 58 F.3d 1194, 1199 (7th Cir. 1995) ("Judicial admissions are formal concessions in the pleadings, or stipulations by a party or its counsel, that are binding upon the party making them. They may not be controverted at trial or on appeal"); *Martinez v. Bally's Louisiana, Inc.*, 244 F.3d 474, 476 (5th Cir. 2001) ("A judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them. Although a judicial admission is not itself evidence, it has the effect of withdrawing a fact from contention").

In the Reply, the Government asserts it does not matter if the Army made a mistake regarding Plaintiff's promotion and separation because it is impossible to determine why Plaintiff was not selected for promotion. Reply, p. 3 ("… there was no way to determine in 2006 why Mr. Levy had not been promoted in 1959"). In this context, however, it is important to read the entire contents of the erroneous 1959 ABCMR internal briefing memo. That memo, which was prepared based on a review of all records available at that time, was intended to provide the ABCMR with a snapshot of Plaintiff's Army service. Significantly, the only adverse information contained in the briefing memo relates to the purported two six-month periods of active duty and the adverse comments from the erroneous OERs. Based on the presumption of regularity, it is reasonable to infer that if Plaintiff's personnel file and service record contained other adverse

information, that adverse information would have been reflected in the January 2, 1959 ABCMR briefing memo.[1]

Accordingly, because Plaintiff was not selected for promotion when his service record contained two erroneous OERs but absolutely no other adverse information of any kind, it is reasonable to infer that the basis for the non-selection must have been the inclusion of the erroneous OERs. There is no other reasonable explanation. Significantly, the Government fails to offer any alternate basis to support the erroneous non-selection and the erroneous separation.

As a result of the Government's favorable factual admissions (the "factual finding favorable to Mr. Levy") in the January 2006 ABCMR decision, the Government concedes a significant element of Plaintiff's claim for money damages. But for the admissions in the 2006 ABCMR decision, this concession by the Government of these key facts would not have occurred. These admissions are part and parcel of the January 2006 ABCMR decision and are conclusive with regard to the factual issue concerning the erroneous basis for Plaintiff's non-selection and separation. In addition, just because the ABCMR decision denied any affirmative relief to Plaintiff on the purported ground of laches does not diminish or negate the legal significance of the admissions made by the Government when the ABCMR agreed with Plaintiff's factual assertions. Consequently, Plaintiff's claims are premised on the favorable

---

[1] There is a judicial presumption that the ABCMR staff conducted a thorough review of Plaintiff's personnel file and service record and properly reflected such information when they prepared the January 1959 ABCMR briefing memo. *See U.S. v. Chemical Foundation,* 272 U.S. 1, 15, 47 S.Ct. 1, 6 (U.S. 1926) ("The presumption of regularity supports the official acts of public officers, and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties.") and *Sussman v. U.S. Marshals Service,* 494 F.3d 1106, 1117 (D.C. Cir. 2007).

findings in the January 2006 ABCMR decision, and, as a result, Plaintiff's claims are timely filed and are not barred by the statute of limitations.

II. Plaintiff's Claims are not barred by Laches

In the Reply, the Government continues to argue that Plaintiff's claims are barred by laches because if the case were allowed to go forward, "it would become more difficult for the Government to locate evidence and witnesses with each passing year." Reply, p. 6.[2] However, the Government's argument is disingenuous because there are no factual issues in dispute in this case that would require the location of any additional evidence or any witnesses. In this regard, the factual issue underlying Plaintiff's claims is whether or not Plaintiff's personnel file and service record that were before the prior selection boards and the 1959 ABCMR review board included false and erroneous information. The favorable findings in the 2006 ABCMR decision remove this factual issue from contention in this case. As previously discussed, these favorable ABCMR determinations are judicial admissions which confirm that the adverse information in the two OERs was erroneous and that the 1959 ABCMR briefing memo contained erroneous information.

In the Reply, the Government states "the doctrine of laches is a fairness doctrine that requires a balancing of equities." Reply, p. 6. In this case, the potential inequity alleged by the Government is the inability to locate evidence and witnesses concerning the underlying facts. However, because the Government has already admitted the underlying facts, the Government cannot controvert these facts in this proceeding. *See McNamara v. Miller, supra*. Further, because the facts are not controverted, there is no need to locate any additional evidence or witnesses. On the other hand, Plaintiff has suffered and continues to suffer under the inequity

[2] The Government has not specifically identified any relevant evidence or any witnesses with any relevant testimony that it would need to locate.

that resulted from the mistaken identity. Consequently, upon balancing the equities, it is clear the Government's laches argument cannot prevail.

## Conclusion

Based on the foregoing, Plaintiff respectfully requests that the Court deny the motion to dismiss.

Respectfully submitted,

s/Gilbert J. Ginsburg
Attorney and Counselor at Law
1250 24th Street NW, Suite 350
Washington, DC 20037
Tel: (202) 776-7772
Fax: (202) 776-7773
E-mail: gilgins@aol.com

Counsel for Mathew Levy

Dated: June 18, 2008

OF COUNSEL:

Timothy Sullivan
Stephen Jeffery
Katherine Gehringer
Thompson Coburn LLP
1909 K Street NW, Suite 600